Edith Colbert FINCH, William L. Colbert, Farris Colbert Brown, Shirley Reagan Heskitt, Roger King, Sherrie Lee Heskitt, Plaintiffs,

v.

UNITED STATES of America and Stewart Udall, Secretary of United States Department of the Interior, Defendants.

Civ. No. 66–278.

United States District Court
W. D. Oklahoma.

Feb. 3, 1967.

Robert O. Swimmer, Oklahoma City, Okl., for plaintiffs.

B. Andrew Potter, U. S. Atty., Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl., Lyle R. Griffis, Atty., Dept. of Interior, Anadarko, Okl., for defendants.

## OPINION

BOHANON, District Judge.

The parties by agreement have submitted this case for decision upon the pleadings, briefs, and the records of the Department of Interior, which are contained in the file.

This action is brought to obtain a Judgment directing the United States of America and the Secretary of the Interior to issue patents to the respective plaintiffs to certain lands to which they claim they are entitled as allotments under Section 4 of the General Allotment Act of February 8, 1887;[1] plaintiffs also seek a Judgment against the United States for damages in the sum of a total of $192,000 because of the failure and refusal of the Department of Interior to issue patents upon their respective applications.

The plaintiffs invoke jurisdiction of the Court under Section 2 of the Act of February 6, 1901,[2] and assert that the individual plaintiffs are Indians who are entitled to allotments of land and that

1. 24 Stat. 389, as amended, 25 U.S.C. § 334.

2. 31 Stat. 760, as amended; 25 U.S.C. § 346.

the Court is empowered to require the issuance of allotment patents under Section 1 of the 1901 Act.[3]

The General Allotment Act, Section 4, supra, provides in substance that where any Indian not residing upon a reservation shall make settlement upon any surveyed or unsurveyed lands of the United States not otherwise appropriated, he or she shall be entitled on application to the local Land Office to have the same allotted to him or to her. The plaintiffs filed Indian allotment applications with the Area Director of the Muskogee Area Office, Bureau of Indian Affairs, and received certificates that they were eligible as Indians to receive land on the public domain under Section 4 of the Act of February 8, 1887, supra. The plaintiffs thereafter filed applications with the Land Office of the Bureau of Land Management in Denver, Colorado, for allotments in Sections 10, 11, 14, and 15, Township 19 South, Range 45 West, Sixth Principal Meridian, Kiowa County, Colorado. The plaintiffs, except Sherrie Lee Heskitt, sought allotments on 160 acres of land, and Sherrie Lee Heskitt sought an allotment on 80 acres. On April 1, 1966, the State Director of the Bureau of Land Management, Denver, Colorado, rendered a decision refusing to classify the lands located in Colorado as suitable for Indian allotments under Section 4 of the General Allotment Act, supra. It was concluded that the lands applied for do not have the capability of serving the purposes for which Section 4, supra, was enacted, and that the land is not able to support an Indian family, 43 C.F.R. 2410.1–3(d) (6). The decision of the State Director was submitted by plaintiffs for review by the Secretary of the Interior, and the Secretary failed to exercise his supervisory authority. Therefore, the decisions of the State Director became final administrative orders thirty days after the issuance thereof, under 43 C.F.R. 2411.1–1(d) (e).

Prior to the filing of the applications by the plaintiffs with the Land Office in Denver, the described lands had been classified as a portion of a grazing district pursuant to the Taylor Act of June 28, 1934.[4]

By Executive Order No. 6190, dated November 26, 1934, all of the vacant, unreserved, and unappropriated public lands in the State of Colorado were withdrawn from settlement, location, sale, or entry, and were reserved for classification and determination of its most useful purpose pursuant to the provisions of the Taylor Act, supra. The lands to which plaintiffs seek allotment were determined to be the most useful for grazing purposes.

In denying the applications, the Secretary expressly found and concluded that the lands applied for do not have the capability of serving the purposes for which Section 4 of the General Allotment Act was enacted, and therefore, the applications were denied.

It is admitted that plaintiffs have exhausted their administrative remedies, and this case is before this Court for judicial review of the administrative acts of the Secretary, and his subordinates.

After careful review of the decisions and findings of the Secretary of Interior, the Court finds that the procedure followed was that prescribed by the appropriate statutes; the Court further finds that the Secretary and his subordinates, in denying said applications, did not act arbitrarily or capriciously, nor did he or his subordinates abuse their legal discretion, but acted in accordance with law. The decisions reached in the separate applications did not violate any Constitutional right of any of the applicants. Further, the Court finds that the decisions were not in excess of the statutory authority of the Secretary. The Court finds that the decisions reached upon each of the appli-

3. 25 U.S.C. § 345.

4. 48 Stat. 1269; 43 U.S.C. § 315 et seq.

cations involved in this case by the Secretary of the Interior, and his subordinates, are supported by substantial evidence, and that the facts before the Court do not warrant a trial de novo.

Regarding claims for money damages against the United States, there is no merit to these claims. The United States is immune from suit, save as it consents. No consent is present here. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

Based upon the foregoing judicial review, and the findings of the Court, it is the Judgment, Order, and Decree of this Court that the decisions of the Secretary of Interior, and his subordinates, in denying the applications of the respective plaintiffs for allotments, is sustained, and the Complaint of the plaintiffs herein should be and the same is denied as to all claims.