**Bessie KORNFIELD, Plaintiff,**

v.

**DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Social Security Administration, Defendant.**

**No. 69 Civ. 1147.**

United States District Court
S. D. New York.

Oct. 3, 1969.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, for defendant Dept. of HEW; Patricia M. Hynes, Asst. U. S. Atty., of counsel.

Bessie Kornfield, pro se.

## MEMORANDUM AND ORDER

LASKER, District Judge.

This is a motion pursuant to Rule 12 (b) (1) and (6), seeking dismissal of the instant action. Plaintiff instituted this civil action seeking judicial review of a final determination made by the Social Security Administration on July 29, 1968.

Plaintiff, a recipient of social security payments, deemed herself entitled to increased payments based upon an advanced age. Since her age was in dispute, an administrative hearing was held. The hearing examiner rendered his decision and mailed a copy thereof to the plaintiff on April 28, 1968. She then sought leave for a review of this determination, and a denial of review was sent to the plaintiff by certified mail on July 29, 1968. In this communication she was informed by the Appeals Council that, while her request for further administrative review was denied, she could seek judicial review in this court if an action were filed within 60 days. Plaintiff filed her suit on March 20, 1969, certainly not within 60 days of receipt of the July 29, 1968 letter.

Judicial review of determinations of the Social Security Administration is

governed by 42 U.S.C. § 405(g), which provides:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * *."

Under the regulations and practice of the Social Security Administration, a hearing examiner's decision becomes a "final decision" within the meaning of the above statute when the Appeals Council denies a timely request for review of the hearing examiner's decision. Thus, under the applicable statute, the 60-day period began on July 29, 1968, the day that the Appeals Council notified plaintiff of its denial of her request for further administrative review. Plaintiff did not begin her action within the 60-day period, but rather submitted additional affidavits on November 21, 1968. The fact that the hearing examiner responded to the submission of these affidavits on January 7, 1969, certainly does not move the beginning of the statutory 60-day period up to January 7 or to any day thereafter.

The applicable portion of 42 U.S.C. § 405(h) states:

"No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

Thus, the institution of suit within 60 days from a "final decision" is the only manner in which the United States, as sovereign, has consented to be sued in relation to the subject matter of this action, United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); and the statutory terms are exclusive, United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011 (1919). As the Supreme Court stated in American Power & Light Co. v. Securities & Exchange Commission, 325 U.S. 385, 389,

65 S.Ct. 1254, 1256, 89 L.Ed. 1683 (1945):

"In awarding a review of an administrative proceeding Congress has power to formulate the conditions under which resort to the courts may be had."

In the instant case, the plaintiff did not bring her suit within the statutorily specified time period. Accordingly, the government's motion to dismiss must be granted.

It is so ordered.