**PENDER PEANUT CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 616–88 C.**

United States Claims Court.

Aug. 2, 1990.

Evans J. Plowden, Jr., Albany, Ga., for plaintiff.

Martha H. DeGraff, Washington, D.C., with whom was Stuart M. Gerson, Asst. Atty. Gen., for defendant.

## OPINION

RADER, Judge.

Pender Peanut Corporation (plaintiff) instituted this action for repayment of a monetary penalty imposed by the United States Department of Agriculture (USDA). This court found no statutory authority for the penalty. Therefore, the court granted plaintiff's summary judgment motion. *Pender Peanut Corp. v. United States*, 20 Cl.Ct. 447 (Cl.Ct.1990) (*Pender Peanut I*).

Plaintiff now asks for interest on the repayment. This court can find no statutory authority for interest. Therefore, this court denies plaintiff's request for prejudgment interest.

### Facts

Under the Agricultural Adjustment Act of 1938 (the 1938 Act), USDA established a peanut price support system. USDA subsi-dized plaintiff, a peanut handler, through this system. In 1982, USDA assessed a monetary penalty against plaintiff for violation of 7 U.S.C. § 1359(h) (1988). Plaintiff brought suit in the United States Claims Court. This court determined that 7 U.S.C. § 1359(h) did not empower USDA to impose a penalty. *Pender Peanut I*, at 453–54, 455. Plaintiff now seeks interest on the repayment of the penalty.

### Discussion

Pursuant to the doctrine of sovereign immunity, a party may not seek monetary redress from the Government unless Congress consents to suit. *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968–69, 100 L.Ed.2d 549 (1987); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). Even if Congress waives immunity, interest does not automatically accompany monetary relief unless Congress explicitly authorizes compensation for the cost to plaintiff of having no access to the detained funds. Specifically, the Supreme Court stated:

[I]nterest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from an award of interest.

. . . . .

For well over a century, this Court, executive agencies, and Congress itself consistently have recognized that federal statutes cannot be read to permit interest to run on a recovery against the United States unless Congress affirmatively mandates that result.

*Library of Congress v. Shaw*, 478 U.S. 310, 311, 316, 106 S.Ct. 2957, 2960, 2962, 92 L.Ed.2d 250 (1986).

Moreover, the United States Claims Court may award interest *"only* under a contract or Act of Congress expressly providing" for interest payments. 28 U.S.C. § 2516(a) (1988) (emphasis added). Thus, in order for plaintiff to prevail, Congress must have affirmatively and separately authorized the award of interest for payments under the peanut price support program. *Hoffman Constr. Co. v. United*

*States,* 7 Cl.Ct. 518 (1985). Plaintiff, however, identifies no contract or statute expressly authorizing payment of interest under the peanut program. Therefore, this court has no authority to grant plaintiff's request for interest.

Plaintiff argues that 15 U.S.C. § 714b (1988) expressly provides for the award of interest. 15 U.S.C. § 714b, however, only provides that the Commodity Credit Corporation (CCC)—USDA's operative agency for administration of the peanut price support program—"may sue or be sued." 15 U.S.C. § 714b(c). This language makes no explicit provision for payment of interest.

Plaintiff contends that the "sue or be sued" language, read in conjunction with *Loeffler v. Frank,* 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), amounts to an explicit statutory waiver of sovereign immunity from interest awards. *Loeffler* involved a suit against the Postal Service for interest. The Supreme Court concluded:

> [A]t the Postal Service's inception, Congress waived its immunity from interest awards, authorizing recovery of interest from the Postal Service to the extent that interest is recoverable against a private party as a normal incident of suit.

*Loeffler,* 486 U.S. at 557, 108 S.Ct. at 1970. Thus, the Supreme Court determined that the Postal Reorganization Act placed the Postal Service into the commercial arena. As a commercial entity, the Postal Service became subject to interest awards on the same basis as other private commercial entities. *Id.* This court concludes that the Supreme Court's *Loeffler* doctrine does not apply to CCC or this case.

The Supreme Court's *Loeffler* holding does not authorize this court to award interest in this case for three reasons. First, 28 U.S.C. § 2516(a) (1988), played no role whatsoever in the *Loeffler* decision. Title 28 did not bind the district court in *Loeffler,* as it binds the Claims Court, to find an express statutory authorization for the payment of interest.

Moreover, the "sue or be sued" clause does not satisfy 28 U.S.C. § 2516(a).

In *Loeffler,* the Supreme Court did not determine that a "sue or be sued" clause universally provides for interest payments. Rather the Court decided that a general waiver of immunity from suit may, under limited circumstances, include a waiver for interest awards. The general waiver only expands to cover interest, however, when the governmental body enters a competitive commercial field and the statute that provides plaintiff with a cause of action authorizes payment of interest by a private party. In *Loeffler,* plaintiff sued under Title VII of the Civil Rights Act of 1964 (the 1964 Act) which permits interest assessments against private defendants. Because Congress had made the Postal Service part of the commercial arena, the Supreme Court decided that the Service was just as liable under Title VII as other private competitors. The Supreme Court did not determine that "sue or be sued" alone expressly waived immunity from interest awards.

The second reason *Loeffler* does not apply to this case is that Congress has not placed CCC in the commercial arena. CCC does not generate a profit or compete with private enterprise. CCC provides no product or service also provided by private entities. CCC pursues the beneficial national policy of stable prices and ample supplies of agricultural commodities. Congress created the CCC to stabilize and protect farm income and prices. 15 U.S.C. § 714. These goals are governmental, not commercial. Because Congress has not placed CCC in the commercial arena, 15 U.S.C. § 714b is not a waiver that extends to interest awards.

The third reason *Loeffler* does not govern this case is that plaintiff's cause of action does not permit recovery of interest by private entities. In *Loeffler,* Title VII of the 1964 Act permitted plaintiff to sue commercial entities for interest. In the absence of this provision in Title VII, plaintiff would have enjoyed no right to seek interest payments. In this action against CCC, plaintiff has not shown any statute authorizing payment of interest. Therefore, plaintiff, for yet another reason, does not fit within the *Loeffler* doctrine.

### Conclusion

Plaintiff has shown no statute or contract explicitly authorizing interest awards in suits against CCC. This court therefore denies plaintiff's request for prejudgment interest.