**LLOYD'S SYNDICATE 609 Subscribing To Cover Note AB89L30500 Subrogated to the Interest of Helitaxi Ltd. and/or Heliair Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 91 Civ. 1196 (KTD).**

United States District Court, S.D. New York.

Dec. 6, 1991.

---

Bigham Englar Jones & Houston, New York City, for plaintiff; Lawrence B. Brennan, of counsel.

Stuart M. Gerson, Asst. Atty. Gen., Otto G. Obermaier, U.S. Atty., Gary W. Allen, Director, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant; Gary W. Allen, Major Gil Beck, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

The defendant in this action, the United States of America, moves to dismiss plaintiff Lloyd's complaint pursuant to Fed.R. of Civ.P. 12(b)(1), 12(b)(3) and 12(b)(6). The United States of America is sovereign and, absent its express permission to the contrary, is entitled to sovereign immunity against all suits in law or equity brought in this court. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980); *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Therefore, district courts have no jurisdiction over the United States of America in cases where the United States has not expressly waived immunity. Suits in which sovereign immunity applies are subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Since this action falls into that class of suits, the instant motion by the United States of America must be granted.

### FACTS [1]

Lloyd's is a war risk re-insurer. By virtue of a complete and direct one million dollar payment, Lloyd's was subrogated to Helitaxi Ltd. and/or Heliair Inc., the Columbian owner(s) of a neutral Grumman G–1 Aircraft HK–333OX. This aircraft was declared to be a constructive total loss as the result of extensive damage suffered during the United States incursion into the Republic of Panama in December, 1989. Memo at 5. At that time, the aircraft, which was registered under the laws of the Republic of Columbia, was lawfully at Panama's Paitilla Airport. Complaint at ¶¶ 8–9. Reportedly, Noriega's aircraft was also

---

1. The facts upon which the determination of this motion is made are those alleged in the complaint in this action along with those contained on page five of Plaintiff's Memorandum of Law In Opposition to Motion to Dismiss. [Hereinafter "Memorandum" or "Memo"].

located at that airport. Memo at 5. During the course of the occupation of Paitilla Airport by the armed and naval forces of the United States, the G–1 aircraft was destroyed by defendant. Complaint at ¶ 11.

Neither the complaint nor Lloyd's Memorandum alleges that the armed forces of the United States, or any person or persons acting on behalf of or in the name of the United States, ever took actual possession of the aircraft prior to its destruction.

### JURISDICTIONAL ALLEGATIONS

Paragraphs 2, 3 and 6 of the complaint allege that this court has jurisdiction to determine this matter. Paragraph 2 alleges that "the court has prize jurisdiction over the subject and the United States pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333 and § 1356." Paragraph 3 alleges that "the court also has jurisdiction over the action for tort against the United States of America pursuant to 28 U.S.C. § 1350." Paragraph 6 alleges that "defendant, United States of America, is a corporate sovereign which has consented to be sued pursuant to Article III Section 2 of the Constitution of the United States of America and pursuant to the Suits in Admiralty Act 46 U.S.C.App. §§ 741 *et seq.* and the Federal Tort Claim Act 28 U.S.C. §§ 781 *et seq.*"[2] Jurisdiction also seems to be alleged under the Foreign Claims Act, 10 U.S.C. § 2734. Finally, Lloyd's seeks relief under the All Writs Act, 28 U.S.C. § 1651, requesting this court to mandate the Secretary of Defense to report to the Congress the need for legislation to compensate the claimants. Memo at 48–49.

To support its claim of proper jurisdiction, Lloyd's makes various and sundry allegations in its Memorandum as to waiver of sovereign immunity. Lloyd's alleges that there is a waiver of sovereign immunity permitting this action in the Federal Tort Claim Act. A waiver is also suggested by reference to the Suits in Admiralty

Act, 46 U.S.C.App. § 742 and the Public Vessels Act, 46 U.S.C.App. § 781 *et seq.*

### DISCUSSION

█ Addressing these alleged bases for jurisdiction in turn, the invocation of the Prize Act and the Prize Law is totally inappropriate under the facts alleged in this case. Here, it is clear that the aircraft in question was destroyed during combat and prior to the time that anyone operating on behalf of the United States Government actually took physical possession of, captured, or seized the aircraft. Without an actual taking of possession or capture of the aircraft, there was no prize within the meaning of the Prize Act.

█ Moreover, prize jurisdiction is invested in the federal courts solely to determine title to or payment for items captured during times of belligerency and is intended for use either by the armed forces of the United States or by persons or entities acting on behalf of the United States. Thus, the destruction of property during combat is not a taking, capture or seizure within the meaning of the Prize Act. To rule otherwise is to suggest that the United States of America would be liable for the wartime destruction of any property owned by any person, save for that either owned or being used by the armed forces of the other belligerent nation. This clearly is not and cannot be the law.

█ Nor can the invocation of the Federal Tort Claim Act save the complaint in this case from dismissal. The Federal Tort Claim Act does not apply to claims arising in a foreign country. 28 U.S.C. § 2680(k). This case arises out of actions in Panama. Panama is a foreign country. Thus, the waiver of sovereign immunity under the Federal Tort Claim Act is unavailing to the plaintiff in this action.

█ As to the Suits in Admiralty Act, that statute only governs cases involving vessels owned by the United States. While aircraft may be included within the definition of a vessel under the Act, there is no

---

**2.** The Federal Tort Claim Act, in fact, is 28 U.S.C. § 1346. Apparently, the reference to 28 U.S.C. §§ 781 *et seq.* is intended to refer to the Public Vessels Act, 46 U.S.C.App. § 781 *et seq.*

showing here that any vessel owned by the United States Government was responsible for any of the damage done to the subject airplane. Indeed, it would appear that the damage resulted from a fire fight between land forces of the United States and others. Similarly, the Public Vessels Act only covers cases involving public vessels which allegedly damage the property of another. Since no public vessel was involved here, the Public Vessels Act is inapplicable. Because these Acts do not apply to the instant case, it is irrelevant whether they provide for a waiver of sovereign immunity.

Finally, as neither the Foreign Claims Act nor the All Writs Act contain a waiver of sovereign immunity, they do not supply grounds for exercising jurisdiction over this action. Accordingly, the request in Lloyd's Memorandum that I order the Secretary of Defense to petition Congress on Lloyd's behalf cannot sustain the Complaint.

For the foregoing reasons, defendant's motion to dismiss is granted and the complaint is dismissed in its entirety.

SO ORDERED.