Timothy N. HUNTER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 96–38 C.

United States Court of Federal Claims.

Aug. 7, 1996.

Timothy N. Hunter, plaintiff, pro se.

Hillary A. Stern, with whom were Assistant Attorney General Frank W. Hunger, David M. Cohen and Sharon Y. Eubanks, Washington, DC, for defendant.

## OPINION and ORDER

TURNER, Judge.

This case stands on defendant's motion to dismiss filed May 1, 1996. We find that we lack subject matter jurisdiction over this case. Consequently, defendant's motion must be granted.

### I

Plaintiff served for four years under an appointment with the Department of State as a specialist career candidate in the field of personnel, commencing in July 1990. On May 27, 1994, plaintiff received notice that he had not been recommended for tenure and that the Department of State was considering separating him for unsatisfactory performance. Plaintiff unsuccessfully contested this decision and, upon separation, filed a grievance with the Department of State. Both his initial grievance and a subsequent request for reconsideration were denied. Plaintiff then filed a grievance with the Foreign Service Grievance Board, resulting in a temporary stay of his separation. However, this stay was later lifted and plaintiff was officially separated effective April 6, 1995.

Upon final separation, plaintiff sought injunctive relief from the United States District Court for the District of Columbia. On May 5, 1995, his petition was denied and his case was dismissed without prejudice. Plaintiff appealed the district court decision and his appeal is currently pending before the United States Court of Appeals for the D.C. Circuit.

Plaintiff brought this suit on January 30, 1996, seeking 90 days' in pay status, an order requiring the Department of State to vest his pension rights and reimbursement for moving and travel expenses incurred during the period between 1990 and 1992. Plaintiff's instant claim is based on his contention that he was entitled to participate in the Foreign Service Transition Center job program but was not informed of the existence of the program at the time he was separated. According to plaintiff, if he had entered the program, he would have been entitled to remain in pay status for an additional 90 days, a period sufficient to vest his pension rights.

### II

This case stands on defendant's motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Defendant contends that the Foreign Service Act of 1980 (FSA), 22 U.S.C. §§ 3901 *et seq.*, creates a comprehensive and exclusive statutory scheme for review of Foreign Service personnel actions and that, consequently, we do not have jurisdiction over any such actions. Defendant further asserts that judicial review of personnel actions brought under the FSA has been committed solely to the district courts.

### III

In ruling on a defendant's motion to dismiss made pursuant to RCFC 12(b)(1), "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed.Cir.1996). We are "obligated to ... draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974), and *Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1568–69 (Fed.Cir.), *cert. denied*, 509 U.S. 904, 113 S.Ct. 2995, 125 L.Ed.2d 689 (1993)).

The Tucker Act, 28 U.S.C. § 1491(a)(1), grants the Court of Federal Claims jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." The Tucker Act does not in itself create a substantive right of recovery against the United States. Instead the statute merely provides a jurisdictional basis to proceed in this court where the substantive right to recovery already exists. *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). Here, the

substantive statute under which plaintiff seeks relief is the Foreign Service Act.

## IV

The Foreign Service Act of 1980 governs personnel matters related to the United States Foreign Service. As noted by defendant, the FSA provides a "comprehensive and integrated scheme for administrative and judicial review of Foreign Service personnel actions." The FSA contains a detailed set of administrative procedures through which U.S. citizen members of the Foreign Service may grieve a variety of perceived financial wrongs. *See* 22 U.S.C. §§ 4130 *et seq.* Specifically included are procedures for grieving "alleged denial of an allowance, premium pay, or other financial benefit to which the member claims entitlement under applicable laws or regulations." 22 U.S.C. § 4131(a)(1)(G).

The FSA establishes the Foreign Service Grievance Board (the Board) as the administrative body charged with resolving grievances brought under the Act. 22 U.S.C. § 4135–38. The Board is authorized to hear grievances and, where appropriate, recommend remedial action to the Secretary of State. The FSA vests judicial review of final actions taken by the Board or the Secretary of State with the federal district courts. 22 U.S.C. § 4140 ("Any aggrieved party may obtain judicial review of a final action of the Secretary or the Board on any grievance in the district courts of the United States.").

 We agree with defendant's characterization of the FSA as a comprehensive and exclusive administrative scheme for review of personnel actions affecting U.S. citizen members of the Foreign Service. Foreign service members who wish to grieve personnel actions must go through the FSA's administrative procedures.

■ Thus, plaintiff's claim fails because, as an initial procedural matter, plaintiff has not exhausted his administrative remedies. Under the FSA, plaintiff was obliged to grieve the instant claim for 90 days in pay status, pension rights, and reimbursement for moving and travel expenses, before the Foreign Service Grievance Board prior to seeking judicial review of these claims.

■ We also find that the FSA's specific vesting of review authority with district courts means that the district courts have exclusive jurisdiction over these claims. Consequently, we lack subject matter jurisdiction over plaintiff's claim. *Ashgar v. United States,* 23 Cl.Ct. 226, 232 (1991) ("It is ... clear that this Court lacks jurisdiction to review adverse personnel actions under the FSA...."). Thus, even if plaintiff had exhausted his administrative remedies, plaintiff's instant claim must fail because this is not the appropriate forum for his complaint.

## V

Based on the foregoing, defendant's motion to dismiss filed May 1, 1996, is GRANTED.

Accordingly, plaintiff's claim is dismissed without prejudice.