**Robert A. CUEVAS, Plaintiff–Appellant,**

v.

**DEPARTMENT OF HOMELAND SECURITY; et al., Defendants–Appellees.**

**No. 05–15649.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2007.

Filed May 14, 2007.

Robert M. Cook, Esq., Phoenix, AZ, for Plaintiff–Appellant.

James C. Hair, Jr., Esq., Office of the U.S. Attorney, Phoenix, AZ, for Defendants–Appellees.

Before: WALLACE, CUDAHY *, and McKEOWN, Circuit Judges.

MEMORANDUM **

Cuevas appeals from the district court's judgment dismissing defendants Department of Homeland Security (DHS), and individual employees John A. Schwamm, Michael Freeman, Robert Schroeder, and Donna De La Torres (Federal Officials) for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The United States is "immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). "Any waiver of immunity must be unequivocally expressed, and any limitations and conditions upon the waiver must be strictly observed and exceptions thereto are not to be implied." *See Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir.1997) (internal quotation marks and citation omitted).

■ The doctrine of sovereign immunity extends to agencies of the federal government and federal employees acting within their official capacities. *Id.* Cuevas sued the Federal Officials as "individuals while acting in their official capacities" in the performance of their jobs as employees of the United States. His complaint alleges that "each of the above-named Defendants acted as the agent for and on behalf of other Defendants, and was acting, at all times material, within the course and scope of their respective agencies." Since "official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," *Brandon v. Holt*, 469 U.S. 464, 472 n. 21, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), Cuevas' action against the Federal Officials is essentially an action against the federal government. *See Will*, 491 U.S. at 71, 109 S.Ct. 2304 ("[A] suit against a state official in his or her official capacity ... is no different from a suit against the State itself"). Thus, Federal Officials' immunity turns on DHS' immunity.

■ DHS has not waived its sovereign immunity by the operation of 28 U.S.C. §§ 1331 and 1343. *See N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir.1985) (no waiver applies by the operation of 28 U.S.C. § 1331 alone); 28 U.S.C. §§ 1331 and 1343 (no waiver evident from the text). Since the government has not waived its sovereign immunity, the district court's dismissal of Cuevas' claims under 42 U.S.C. §§ 1983 and 1985 was proper. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 and 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that states and state officials in their official capacity are immune from action under section 1983); 42 U.S.C. §§ 1983 and 1985.

■ The same result is obtained with Cuevas' claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Since any *Bivens* claim against DHS is foreclosed, *see FDIC v. Meyer*, 510 U.S. 471, 485, 114 S.Ct. 996,

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

127 L.Ed.2d 308 (1994), his *Bivens* claim against the Federal Officials in their official capacity similarly fails.

We do not reach Cuevas' claim under the Federal Tort Claims Act because it was not raised before the district court. *See Animal Protection Inst. of America v. Hodel,* 860 F.2d 920, 927 (9th Cir.1988) ("Federal appellate courts generally do not consider issues first raised on appeal").

**AFFIRMED.**