# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

## No. 17-1417

MELISSA CLUTTER-JOHNSON,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:16-cv-04041)

Submitted:  September 19, 2017          Decided:  November 1, 2017

Before MOTZ, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Dean Hartley, David B. Lunsford, HARTLEY LAW GROUP, PLLC, Wheeling, West Virginia, for Appellant.  Carol A. Casto, United States Attorney, Matthew C. Lindsay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melissa Clutter-Johnson appeals from the district court's judgment, entered pursuant to Fed. R. Civ. P. 54(b), granting summary judgment to Defendant the United States in her civil action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-80 (2012), seeking damages based on the claimed negligence of health care providers in connection with an intrauterine device (IUD). The district court determined that Clutter-Johnson's claim for wrongful pregnancy was barred under the applicable statute of limitations and that equitable tolling of the limitations period was unwarranted. On appeal, Clutter-Johnson challenges as erroneous the district court's determination that her wrongful pregnancy claim accrued when she learned she was pregnant with twins. Finding no reversible error, we affirm.

This court "review[s] de novo a district court's award of summary judgment, viewing the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party." *Core Commc'ns, Inc. v. Verizon Md. LLC*, 744 F.3d 310, 320 (4th Cir. 2014). "A summary judgment award is appropriate only when the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Further, this court may affirm on any ground apparent in the record. *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015).

2

As a sovereign, the United States is immune from suit unless it consents to being sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009). The FTCA acts as such a waiver, but it "permits suit only on terms and conditions strictly prescribed by Congress." *Gould v. U.S. Dep't. of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990) (en banc). Under the FTCA, the United States consents to suit for injuries caused by the negligent acts or omissions of government employees acting within the scope of their official employment. 28 U.S.C. §§ 2674, 2675(a); *Gould*, 905 F.2d at 741. The relevant portion of the statute of limitations in the FTCA provides, however, that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

In *United States v. Kubrick*, 444 U.S. 111, 123-24 (1979), the Supreme Court held that a claim "accrues" for purposes of the FTCA in the context of injuries caused by medical malpractice when a claimant knows of both the existence of the injury and the cause of the injury. Actual knowledge of negligent treatment, however, is not necessary to trigger the running of the limitations period; rather, once the claimant is "in possession of the critical facts that [s]he has been hurt and who has inflicted the injury," the claimant has a duty to make a diligent inquiry into whether the injury resulted from a negligent act. *Id.* at 122. This court has held that "[t]he clear import of *Kubrick* is that a claim accrues within the meaning of § 2401(b) when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of [her] injury." *Gould*, 905 F.2d at 742. Even if a claimant seeks the advice of other medical providers and is

3

incorrectly advised that she did not receive negligent treatment, such advice will not prevent the accrual of the claim. *Kubrick*, 444 U.S. at 124. Further, a claim will accrue even if the claimant does not know the precise medical reason for the injury, provided that she knows or should know that some aspect of the medical treatment caused the injury. *See Kerstetter v. United States*, 57 F.3d 362, 364–65 (4th Cir. 1995).

After reviewing the record and the parties' briefs, we conclude that the district court did not reversibly err in determining that Clutter-Johnson's wrongful pregnancy claim was time-barred. In 2009, Clutter-Johnson had an IUD placed in her body as a means of birth control. The placement procedure occurred at Access Health-OB/GYN (Access Health), a federally-funded medical facility whose employees are deemed federal employees. Following that procedure, Clutter-Johnson became pregnant with twins. She returned to Access Health on October 24, 2012, and was found to be eight weeks pregnant. As Clutter-Johnson concedes, she had notice on October 24 of her injury—a pregnancy. We further conclude that, at this point, Clutter-Johnson knew, or, in the exercise of due diligence, should have known, that some aspect of the procedure she underwent to have the IUD inserted was the cause of the injury. Employees of Access Health performed the placement procedure. At this point, Clutter-Johnson was in possession of the "critical facts" needed for her claim to accrue. Consistent with *Kubrick*, Clutter-Johnson then had the obligation to inquire whether her pregnancy resulted from any negligent act by a government employee. Clutter-Johnson, however, presented her administrative tort claim to the Department of Health and Human Services on May 8, 2015, over two and one-half years later.

Clutter-Johnson's arguments on appeal do not establish reversible error in the district court's judgment. She concedes that she is not able to pinpoint a date on which her wrongful pregnancy claim accrued under *Kubrick* yet also contends that her claim was timely under *Kubrick*. Her timeliness argument is premised on the notion that she did not know (or should not have been charged with knowledge) that improper placement by a federal employee—rather than a potentially defective IUD—was the cause of her injury. As evidence in support, she points to the facts that a consulting physician did not inform her of his conclusion regarding the placement of the IUD and that another Access Heath physician informed her that the IUD was potentially defective. Clutter-Johnson's argument is flawed, however, because it assumes an FTCA claimant cannot be charged with knowing the cause of an injury until she has been actually informed of its specific cause. That, however, is not the relevant inquiry for accrual purposes. Rather, the proper inquiry is whether she "knows or, in the exercise of due diligence, should have known . . . [of] the cause of [her] injury." *Gould*, 905 F.2d at 742. Further, that Clutter-Johnson was informed by another physician that the IUD was potentially defective is also a nonstarter; incorrect advice from an additional medical provider that a claimant did not receive negligent medical treatment will not prevent accrual of an FTCA claim. *Kubrick*, 444 U.S. at 124.

We also reject as without merit Clutter-Johnson's contention that the continuous treatment doctrine applies and saves her wrongful pregnancy claim from a rigid application of *Kubrick*'s accrual rule. The continuous treatment doctrine serves to toll the running of the FTCA's statute of limitations for a medical negligence claim as "long as

the claimant remains under the 'continuous treatment' of a physician whose negligence is alleged to have caused the injury; in such circumstances, the claim only accrues when the 'continuous treatment' ceases." *Miller v. United States*, 932 F.2d 301, 304 (4th Cir. 1991). The rationale undergirding the doctrine "is that a rigid application of the *Kubrick* rule can effectively deprive a medical patient of her right to place trust and confidence in [her] physician; and the solution is to excuse the patient from challenging the quality of care being rendered until the confidential relationship terminates." *Id.* (internal quotation marks omitted). The rationale for the doctrine, however, "only permits its application when the treatment at issue is for the same problem and by the same doctor, or that doctor's associates or other doctors operating under his direction." *Id.* at 305. The record evidence of Clutter-Johnson's medical treatment following the discovery of her pregnancy through her last appointment at Access Health on July 1, 2013, does not support the conclusion that Clutter-Johnson received continuous treatment to correct her injury. The continuous treatment doctrine, therefore, does not render timely the wrongful pregnancy claim.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6