**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2419**

IAN A. NACKE,

               Plaintiff - Appellant,

     v.

UNITED STATES OF AMERICA,

               Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-cv-00196-FL)

Submitted:  July 12, 2019                     Decided:  July 30, 2019

Before HARRIS and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Steven C. Lawrence, ANDERSON, JOHNSON, LAWRENCE & BUTLER L.L.P., Fayetteville, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Joshua B. Royster, Assistant United States Attorney, Rudy E. Renfer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ian A. Nacke filed a civil action in North Carolina superior court raising state law tort claims against Andrea Gerard. At the time of the alleged events, Nacke and Gerard were both active-duty officers in the Army. The United States removed the action to federal court pursuant to 28 U.S.C. §§ 1442(a)(1), 2679 (2012), certifying that Gerard was acting in the course and scope of her federal employment at the time of the incident alleged in the complaint and substituting itself for Gerard as the sole defendant. Nacke moved to remand, and the United States moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1). After concluding that Nacke's claims were barred by the *Feres*[1] military abstention doctrine, the district court denied Nacke's motion, granted the United States' motion, and dismissed the action for lack of subject matter jurisdiction. Nacke now appeals the dismissal order, raising a variety of challenges to the court's Rule 12(b)(1) ruling. We affirm.

We review the district court's Rule 12(b)(1) dismissal de novo. *Wilner v. Dimon*, 849 F.3d 93, 103 (4th Cir. 2017). Where, as here, the defendant raises a facial attack to jurisdiction, the district court must afford the plaintiff "the same procedural protection as he would receive under a [Fed. R. Civ. P.] 12(b)(6) consideration," accepting the facts alleged in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation

---

[1] *Feres v. United States*, 340 U.S. 135 (1950).

2

marks omitted); *see Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018) (Rule 12(b)(6) standard).

Nacke first argues that the district court misapplied the Rule 12(b)(1) standard by treating his complaint as asserting claims brought against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680 (2012). He asserts that, in construing the complaint in this manner, the court viewed the complaint in the light least favorable to him and improperly relied on materials extrinsic to the complaint. He also asserts that the United States effectively consented to federal jurisdiction through its voluntary substitution as defendant.

Nacke's arguments are misplaced, as the substitution of both parties and claims occurred by operation of the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"), 28 U.S.C. § 2679. When a federal employee is sued for wrongful conduct, the Westfall Act empowers the Attorney General[2] to certify that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(2). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Osborn v. Haley*, 549 U.S. 225, 230 (2007); *see* 28 U.S.C. § 2679(d)(2). The action then becomes a suit against the United States under the FTCA, which provides the plaintiff's exclusive mode of

---

[2] By regulation, the United States Attorneys are authorized to issue certifications on behalf of the Attorney General. *See* 28 C.F.R. § 15.4 (2019).

3

recovery, even where the claim falls within an exception to the FTCA that precludes liability. *United States v. Smith*, 499 U.S. 160, 165-67 (1991); *Maron v. United States*, 126 F.3d 317, 321-22 (4th Cir. 1997); *see* 28 U.S.C. § 2679(d)(4). The United States' "certification is conclusive unless challenged." *Gutierrez de Martinez v. Drug Enf't Admin.*, 111 F.3d 1148, 1153 (4th Cir. 1997).

Nacke claims that he challenged the scope-of-employment certification through his motion to remand the action to state court, and that the court was obliged to provide him an opportunity for discovery and an evidentiary hearing on the matter. We disagree. First, although the Attorney General's scope-of-employment certification is subject to judicial review, *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995), it remains "conclusive for purposes of removal," *Osborn*, 549 U.S. at 231; *see* 28 U.S.C. § 2679(d)(2). Thus, the court was not required to consider the propriety of the certification in resolving Nacke's request for remand. Second, Nacke's motion to remand did little to challenge the certification on the ground that Gerard's actions fell outside the scope of her employment for purposes of § 2679(d)(2), instead raising a separate legal challenge to removal. Further, Nacke does not dispute the district court's conclusion that, even if the certification were unwarranted, his claims would remain barred by *Feres*, and we decline to address the issue sua sponte. *See United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013) (deeming issue not raised in opening brief waived).

Nacke correctly observes that "[§] 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney General's scope-of-employment certification

4

was incorrect." *Osborn*, 549 U.S. at 242. But "[s]ubstitution of the United States is not improper simply because the Attorney General's certification rests on an understanding of the facts that differs from the plaintiff's allegations." *Id.* at 231. Instead, the United States "must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Id.* Nacke did not submit "specific evidence or forecast specific evidence that contradicts the Attorney General's certification decision," *Borneman v. United States*, 213 F.3d 819, 827 (4th Cir. 2000), as required to justify discovery or an evidentiary hearing on the certification question. *See Maron*, 126 F.3d at 323 (describing procedure for challenging certification); *Gutierrez de Martinez*, 111 F.3d at 1153-55 (same).

Nacke provides no authority for his assertion that the scope-of-employment certification constitutes a de facto waiver of sovereign immunity, and we find his argument unpersuasive. *See Smith*, 499 U.S. at 165-66; *Maron*, 126 F.3d at 321-22; *see also United States v. Sherwood*, 312 U.S. 584, 587-88 (1941) (recognizing that jurisdiction to entertain suits against United States exists only to extent Congress has consented). Because the unrefuted scope-of-employment certification effectively converted Nacke's claims to FTCA claims against the United States, the district court did not consider matters outside the complaint, or construe any facts against Nacke, in treating the action as an FTCA action against the United States.

Nacke next asserts that the district court erred in applying *Feres* to bar his action. Under the *Feres* doctrine, "the Government is not liable under the FTCA for injuries to

5

servicemen where the injuries arise out of or are in the course of activity incident to service." *Stewart v. United States*, 90 F.3d 102, 104 (4th Cir. 1996) (alteration and internal quotation marks omitted). "'Incident to service' is not . . . a narrow term restricted to actual military operations such as field maneuvers or small arms instruction," but instead has been applied to various recreational activities by active-duty service members, even when they were temporarily in off-duty status. *Hass v. United States*, 518 F.2d 1138, 1141-42 (4th Cir. 1975).

The courts have not developed "a specific element-based or bright-line rule regarding what type of conduct is 'incident to service'" for purposes of *Feres*. *Aikens v. Ingraham*, 811 F.3d 643, 650 (4th Cir. 2016) (internal quotation marks omitted). Instead, the Court looks to "whether particular suits would call into question military discipline and decisionmaking [and would] require judicial inquiry into, and hence intrusion upon, military matters." *Cioca v. Rumsfeld*, 720 F.3d 505, 515 (4th Cir. 2013) (alteration in original) (internal quotation marks omitted). The doctrine is broad enough "to encompass, at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military." *Stewart*, 90 F.3d at 105 (internal quotation marks omitted).

Importantly, the *Feres* test "does not inquire whether the discrete injuries to the victim were committed in support of the military mission," but instead whether the asserted injuries "stem from the relationship between the plaintiff and the plaintiff's service in the military." *Cioca*, 720 F.3d at 515 (internal quotation marks omitted). Accepting the allegations in the complaint as true and drawing all reasonable inferences

in favor of Nacke, we conclude that Nacke's complaint alleges injuries stemming from his relationship to the military. Further, his claims "are the type of claims that, if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness." *See Minns v. United States*, 155 F.3d 445, 449 (4th Cir. 1998) (internal quotation marks omitted). Thus, we conclude that Nacke's action was properly subject to dismissal under the *Feres* doctrine.

Finally, we reject Nacke's contention that the dismissal of his action violated his procedural due process rights. *See D.B. v. Cardall*, 826 F.3d 721, 741 (4th Cir. 2016) (requiring "notice and opportunity for hearing appropriate to the nature of the case" to comply with due process (internal quotation marks omitted)); *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (recognizing that due process requires "a fair process, . . . but does not require certain results" (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*