NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DOROTHY M. HARTMAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2021-1535

_____

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00832-EMR, Judge Eleni M. Roumel.

_____

Decided: September 3, 2021

_____

DOROTHY M. HARTMAN, Philadelphia, PA, pro se.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, MARTIN F. HOCKEY, JR.

_____

PER CURIAM.

Dorothy M. Hartman appeals from the U.S. Court of Federal Claims' dismissal of her complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief could be granted.  We affirm.

## BACKGROUND

Ms. Hartman filed a complaint in the Court of Federal Claims in July 2020 and an amended complaint in August 2020.  The amended complaint, like its predecessor, alleged various government wrongdoing, much of which related to Ms. Hartman's purported inventive efforts that she says led to the modern internet.  These efforts included filing a patent application with the U.S. Patent & Trademark Office ("PTO"), which the PTO rejected on grounds of indefiniteness under the then-applicable second paragraph of 35 U.S.C. § 112.  This court affirmed that rejection on appeal.  *See In re Hartman*, 513 F. App'x 955 (Fed. Cir. 2013).  According to the amended complaint's allegations, the government stole Ms. Hartman's ideas and used them to enrich itself.

The government moved to dismiss the amended complaint, and the Court of Federal Claims did so.  *Hartman v. United States*, 150 Fed. Cl. 794 (2020).  The court first observed that Ms. Hartman insisted that she was bringing claims under the Federal Tort Claims Act ("FTCA").  *Id.* at 796–97 (describing several categories of claims that Ms. Hartman identified as "FTCA claims or charges").  It then reasoned that it must dismiss such claims under Rules 12(b)(1) and 12(h)(3)[1] because the Court of Federal Claims lacks both FTCA jurisdiction and Tucker Act jurisdiction over claims "sounding in tort."  *Id.* at 797–98 (first citing *U.S. Marine, Inc. v. United States*, 722 F.3d 1360,

---

[1]    The Rules referenced in this opinion are the Rules of the U.S. Court of Federal Claims.

1366 (Fed. Cir. 2013); and then quoting 28 U.S.C. § 1491(a)(1)). The court also noted that it lacked Tucker Act jurisdiction to the extent that the amended complaint could be construed as asserting claims against an entity other than the United States. *Id.* at 797 n.2 (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)); *see id.* at 797 (describing the amended complaint as chronicling "a series of tortious and other wrongs . . . which were allegedly committed by private individuals and corporations[] [and] state and local governments").

The Court of Federal Claims additionally determined that, to the extent the amended complaint included a takings claim against the federal government, that claim must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. In particular, the court observed that Ms. Hartman's "sweeping and conclusory claims do not provide supporting facts necessary to meet the level of plausibility required by the Supreme Court's decisions in *Iqbal* and *Twombly*." *Id.* at 798 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court dismissed the amended complaint. *Id.*

Ms. Hartman appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). We likewise review de novo a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. *Indian Harbor Ins. Co. v. United States*, 704 F.3d 949, 954 (Fed. Cir. 2013).

On appeal, Ms. Hartman continues her attempt to "invok[e] the [c]ourt's [j]urisdiction under the FTCA." Reply Br. 2. She also says that she is bringing tort claims. *See*

Reply Br. 3.  But the Court of Federal Claims lacks both
FTCA jurisdiction and Tucker Act jurisdiction over claims
"sounding in tort."  *U.S. Marine*, 722 F.3d at 1366 (no
FTCA jurisdiction); *Rick's Mushroom Serv., Inc. v. United
States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (no Tucker Act
jurisdiction over claims "sounding in tort").  The Court of
Federal Claims therefore appropriately dismissed claims
that Ms. Hartman previously characterized as FTCA
claims.[2]  *Hartman*, 150 Fed. Cl. at 797.

Ms. Hartman also alleges error in the PTO's handling
of her patent application and asks this court to recall its
mandate and overturn its previous decision[3] affirming the
PTO's rejection of that application.  Appellant's Br. 4, 6–7,
21.  But Ms. Hartman has supplied no legitimate basis for
the court to take this extraordinary step.  *See Calderon v.
Thompson*, 523 U.S. 538, 549–50 (1998) ("In light of 'the
profound interests in repose' attaching to the mandate of a
court of appeals, . . . the power [to recall a mandate] can be
exercised only in extraordinary circumstances." (quoting
16 Charles Alan Wright, Arthur R. Miller & Edward H.
Cooper, *Federal Practice and Procedure* § 3938 (2d ed.
1996))).

Lastly, although Ms. Hartman maintains that she has
properly alleged a taking by the government, we see no er-
ror in the Court of Federal Claims' dismissing any such
claim under Rule 12(b)(6).  To avoid dismissal, a complaint
must contain sufficient factual matter to "state a claim to

---

[2]    Because the Court of Federal Claims lacks Tucker
Act jurisdiction over claims against entities other than the
United States, *see, e.g.*, *Langan v. United States*,
812 F. App'x 982, 985 (Fed. Cir. 2020) (citing *Sherwood*,
312 U.S. at 588), the court also appropriately dismissed
Ms. Hartman's claims to the extent they could be construed
as being against entities other than the United States.

[3]    *In re Hartman*, 513 F. App'x 955.

relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  We agree with the Court of Federal Claims that the amended complaint's "sweeping and conclusory claims do not provide supporting facts necessary to meet the level of plausibility required by the Supreme Court's decisions in *Iqbal* and *Twombly*." *Hartman*, 150 Fed. Cl. at 798.  Dismissal was therefore appropriate.

## CONCLUSION

We have considered Ms. Hartman's remaining arguments but find them unpersuasive.  Accordingly, we affirm the Court of Federal Claims' decision.

## **AFFIRMED**

### COSTS

No costs.