# In the United States Court of Federal Claims

No. 19-1794C

(Filed September 30, 2021)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
FLORDELIZA A. HAWKINS,            *
                                  *
             Plaintiff,           *
                                  *
      v.                          *
                                  *
THE UNITED STATES,                *
                                  *
             Defendant.           *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

The government has moved to dismiss this case, brought by pro se plaintiff Flordeliza A. Hawkins, for lack of subject-matter jurisdiction. *See* Def.'s Mot. to Dismiss, ECF No. 7. This case presents allegations nearly-identical to those contained in *Hawkins v. United* States, No. 19-1672C, which in turn repackaged claims from a case Mrs. Hawkins had previously brought in this court and were dismissed for lack of subject-matter jurisdiction, s*ee Hawkins v. United States*, No. 18-78L, 2018 WL 3214048 (Fed. Cl. June 29, 2018), *aff'd*, 748 F. App'x 325 (Fed. Cir. 2019). The only substantial differences between this case and case No. 19-1672C are that Mrs. Hawkins placed on the complaint in this one the docket number from a Supreme Court denial of her petition for a writ of certiorari,[†] requested relief from that judgment under Rule 60 of the Rules of the United States Court of Federal Claims (RCFC), and said very little concerning the U.S. Department of Housing and Urban Development (HUD). *See* Compl. at 1, 6–7; *see also* Ex. to Compl. at 3.

To the extent the allegations in the complaint in this case differ from those in Mrs. Hawkins's case No. 19-1672C, they do not involve matters within our court's jurisdiction. As the Court previously explained to Mrs. Hawkins, "[u]nder RCFC 60, our court may only set aside one of its own prior judgments, not those of other courts." *Hawkins*, 2018 WL 3214048, at *6 (citing *Haddad v. United States*, Nos.

---

[†] *See Hawkins v. SunTrust Bank*, 140 S. Ct. 135 (2019) (denying petition).

15-640C & 15-820C, 2015 WL 7730933, at *2 n.6 (Fed. Cl. Nov. 30, 2015) (citing *Carney v. United States*, 199 Ct. Cl. 160, 162–64 (1972))). Moreover, our court does not have jurisdiction to review the decisions of other federal courts, and particularly not those of the Supreme Court. *See Norington v. United States*, No. 16-1020C, 2016 WL 6879549, at *1 (Fed. Cl. Nov. 22, 2016); *see also Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019) ("[T]he Claims Court is without jurisdiction to scrutinize the actions of another tribunal.").

The rest of the allegations in this case, concerning the actions of the private party SunTrust Bank and the non-federal governmental entities South Carolina Department of Social Services and the Anderson County Sheriff's Office, and a purported contract with HUD, are beyond our jurisdiction for the reasons stated in the Memorandum and Opinion filed today in Mrs. Hawkins's other case. *See Hawkins v. United States*, No. 19-1672C, ECF No. 19 (Sept. 30, 2021). In brief, we lack jurisdiction over claims against private parties or against state and local governmental entities, *see United States v. Sherwood*, 312 U.S. 584, 588 (1941); 28 U.S.C. § 1491(a)(1); and Mrs. Hawkins is precluded from re-litigating the Court's prior determination that she failed to properly plead the existence of a contract with the federal government, *see Hawkins*, 2018 WL 3214048, at *5; *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003) (identifying elements of issue preclusion).

Although the Court is sympathetic to Mrs. Hawkins's situation, we have not been given the power by Congress to address the claims she seeks to advance in this case. Accordingly, for the reasons stated above, and as more fully explained in the companion case No. 19-1672C, the government's motion to dismiss this case for lack for subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge