## UNITED STATES *v.* SHERWOOD.

No. 500.   Argued March 6, 7, 1941.—Decided March 31, 1941.

*Mr. Sidney J. Kaplan,* with whom *Solicitor General Biddle, Assistant Attorney General Shea,* and *Messrs. Melvin Siegel* and *Richard H. Demuth* were on the brief, for the United States.

*Mr. Milton U. Copland,* with whom *Mr. David Morgulas* was on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The New York Supreme Court, acting under authority of § 795 of the New York Civil Practice Act, made an order authorizing respondent, as a judgment creditor, to maintain a suit under the Tucker Act of March 3, 1887, 24 Stat. 505, § 24 (20) of the Judicial Code, 28 U. S. C. § 41 (20), to recover damages from the United States for breach of its contract with the judgment debtor. The question for decision is whether a United States District Court has jurisdiction to entertain the suit.

The order authorized respondent, who had recovered a judgment against Kaiser in the New York Supreme Court for $5,567.22, to bring suit against the Government to recover for breach of its contract with Kaiser for the construction of a postoffice building. The order

directed that out of the amount recovered respondent should be entitled to a sum sufficient to satisfy his judgment with interest "as well as costs, disbursements and expenses which may be allowed by the court."

Respondent brought the present suit against the United States and Kaiser in the District Court for Eastern New York. By his complaint he set up the judgment and the order of the state court, the breach of contract by the United States, and the consequent damage to Kaiser in the sum of $14,448.49, and prayed judgment in the sum of $10,000. The order of the District Court dismissing the complaint for want of jurisdiction was reversed by the Circuit Court of Appeals for the Second Circuit, 112 F. 2d 587, which held that under Rule 17 (b) of the Federal Rules of Civil Procedure respondent's "capacity to sue" was governed by the law of New York, which was his domicile; and that the order of the state court had conferred authority upon respondent to maintain the suit, the United States being a "person indebted" within the meaning of § 795 of the Civil Practice Act, which sanctions orders by the state court authorizing a suit by a judgment creditor against a "person . . . indebted to the judgment debtor." We granted certiorari, 311 U. S. 640, the question of the jurisdiction of the District Court under the Tucker Act being of public importance.

The United States, as sovereign, is immune from suit save as it consents to be sued, *United States* v. *Thompson,* 98 U. S. 486; *United States* v. *Lee,* 106 U. S. 196; *Kansas* v. *United States,* 204 U. S. 331; *Minnesota* v. *United States,* 305 U. S. 382, 387; *Keifer & Keifer* v. *Reconstruction Finance Corp.,* 306 U. S. 381, 388; *United States* v. *Shaw,* 309 U. S. 495 (see cases cited in *The Pesaro,* 277 F. 473, 474, *et seq.*), and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.

*Minnesota* v. *United States, supra,* 388 and cases cited; cf. *Stanley* v. *Schwalby,* 162 U. S. 255, 270. Jurisdiction to entertain suits against the United States to recover damages for breach of contract and certain other specified classes of claims was conferred on the Court of Claims by Act of February 24, 1855, 10 Stat. 612. With additions not now material, the jurisdiction was continued by paragraph First of the Tucker Act of March 3, 1887, 24 Stat. 505, which, as supplemented and reënacted, is now § 145 of the Judicial Code, 28 U. S. C. § 250. Section 2, which, as supplemented and reënacted, is now § 24 (20) of the Judicial Code, 28 U. S. C. § 41 (20), confers jurisdiction on the district courts "Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded . . . upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable . . ."

The Court of Claims is a legislative, not a constitutional, court. Its judicial power is derived not from the Judiciary Article of the Constitution, but from the Congressional power "to pay the debts . . . of the United States," which it is free to exercise through judicial as well as non-judicial agencies. See *Williams* v. *United States,* 289 U. S. 553, 569, 579; *Ex parte Bakelite Corporation,* 279 U. S. 438, 452, *et seq.* It is for this reason, and because of the power of the sovereign to attach conditions to its consent to be sued, that Congress, despite the Seventh Amendment, may dispense with a jury trial in suits brought in the Court of Claims. *McElrath* v. *United States,* 102 U. S. 426; *Williams* v. *United States, supra,* 570, 571; *Ex parte Bakelite Corporation, supra,* 453.

Except as Congress has consented there is no juris-

diction in the Court of Claims more than in any other
court to entertain suits against the United States, or
for the review of its decisions by appellate courts.
*Luckenbach Steamship Co.* v. *United States,* 272 U. S.
533, 536, *et seq.* For that reason it has been uniformly
held, upon a review of the statutes creating the court
and defining its authority, that its jurisdiction is con-
fined to the rendition of money judgments in suits
brought for that relief against the United States, *United
States* v. *Alire,* 6 Wall. 573; *United States* v. *Jones,* 131
U. S. 1, and if the relief sought is against others than
the United States the suit as to them must be ignored
as beyond the jurisdiction of the court, *United States* v.
*Jones, supra; Lynn* v. *United States,* 110 F. 2d 586, 588;
*Leather & Leigh* v. *United States,* 61 Ct. Cls. 388, or if
its maintenance against private parties is prerequisite to
prosecution of the suit against the United States the
suit must be dismissed. *Jackson* v. *United States,* 27 Ct.
Cls. 74, 84; *Waite* v. *United States,* 57 Ct. Cls. 546;
*Leather & Leigh* v. *United States, supra;* cf. *Turner* v.
*United States,* 248 U. S. 354; *Green* v. *Menominee Tribe,*
233 U. S. 558. See *Pacific Mutual Life Insurance Co.*
v. *United States,* 44 F. 2d 887, 888.

We think it plain that the present suit could not have
been maintained in the Court of Claims because that
court is without jurisdiction of any suit brought against
private parties and because adjudication of the right or
capacity of respondent to proceed with the suit upon
the contract of the judgment debtor with the United
States is prerequisite to any recovery upon the Govern-
ment contract. As the court below recognized, the
judgment debtor, who is made a necessary party by § 795
of the Civil Practice Act, in any suit brought pursuant
to the order of the state court is entitled to attack the
validity of the order and of the judgment on which it

is founded. See *Nankivel* v. *Omsk All Russian Government,* 237 N. Y. 150, 158; 142 N. E. 569. Adjudication of that issue is not within the jurisdiction of the Court of Claims, whose authority, as we have seen, is narrowly restricted to the adjudication of suits brought against the Government alone.

But the question remains whether such a suit is nevertheless within the jurisdiction conferred by the Tucker Act on the district courts. The Court of Appeals thought that the obstacles to joining private parties, as parties defendant, in suits against the Government are procedural only, and that while no procedure is provided whereby the Court of Claims can adjudicate the rights of private parties in suits against the Government, that court is nevertheless free to adopt such a procedure. Cf. 28 U. S. C. § 263. In any case it thought such procedure has now been made applicable to suits in the district courts by the new rules of civil practice. It concluded that since the District Court under the Tucker Act has jurisdiction to adjudicate claims against the United States and by virtue of other provisions of the Judicial Code has jurisdiction to adjudicate the issues between respondent and the judgment debtor, the Rules of Civil Procedure authorize the exercise of both jurisdictions in a single suit.

This conclusion presupposes that the United States, either by the rules of practice or by the Tucker Act or both, has given its consent to be sued in litigations in which issues between the plaintiff and third persons are to be adjudicated. But we think that nothing in the new rules of civil practice so far as they may be applicable in suits brought in district courts under the Tucker Act authorizes the maintenance of any suit against the United States to which it has not otherwise consented. An authority conferred upon a court to make rules of

procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction; and the Act of June 19, 1934, 48 Stat. 1064, 28 U. S. C. 723b, authorizing this Court to prescribe rules of procedure in civil actions gave it no authority to modify, abridge or enlarge the substantive rights of litigants or to enlarge or diminish the jurisdiction of federal courts.

Nor with due regard to the words of § 2 of the Tucker Act and to its legislative history can we say that the United States has consented to the maintenance of suits against the Government in the district courts which could not be maintained in the Court of Claims. The section must be interpreted in the light of its function in giving consent of the Government to be sued, which consent, since it is a relinquishment of a sovereign immunity, must be strictly interpreted. *Schillinger* v. *United States,* 155 U. S. 163; *Price* v. *United States,* 174 U. S. 373; *United States* v. *Michel,* 282 U. S. 656; *United States* v. *Shaw,* 309 U. S. 495; *United States* v. *U. S. Fidelity & Guaranty Co.,* 309 U. S. 506; cf. *Federal Housing Administration* v. *Burr,* 309 U. S. 242, 247. Section 2, authorizing suits against the Government in district courts, is an integral part of the statute, other sections of which revised and enlarged the classes of claims against the United States which could be litigated in the Court of Claims. It was the jurisdiction thus defined and established for that court which was extended by the section to the district courts in the specified instances, for in consenting to suits against the Government in the district courts, Congress prescribed that the jurisdiction thus conferred should be "concurrent" with that of the Court of Claims.

Construing the statutory language with that conservatism which is appropriate in the case of a waiver of sovereign immunity, and in the light of the history of the

Court of Claims' jurisdiction to which we have referred, we think that the Tucker Act did no more than authorize the District Court to sit as a court of claims and that the authority thus given to adjudicate claims against the United States does not extend to any suit which could not be maintained in the Court of Claims. See *United States* v. *Jones, supra,* 19; *United States* v. *Pfitsch,* 256 U. S. 547, 550; cf. *Bates Mfg. Co.* v. *United States,* 303 U. S. 567, 571. The matter is not one of procedure but of jurisdiction whose limits are marked by the Government's consent to be sued. That consent may be conditioned, as we think it has been here, on the restriction of the issues to be adjudicated in the suit, to those between the claimant and the Government. The jurisdiction thus limited is unaffected by the Rules of Civil Procedure, which prescribe the methods by which the jurisdiction of the federal courts is to be exercised but do not enlarge the jurisdiction.

The present litigation well illustrates the embarrassments which would attend the defense of suits brought against the Government if the jurisdiction of district courts were not deemed to be as restricted as is that of the Court of Claims. The Government, to protect its interests, must not only litigate the claim upon which it has consented to be sued, but must make certain that respondent's right, as against the judgment debtor, to maintain the suit is properly adjudicated. And since the alleged claim for damages is larger than the $10,000 jurisdictional amount the Government must either be subjected to successive suits for partial recoveries of the amount due or must make certain that respondent has legal authority to relinquish the judgment debtor's claim in excess of $10,000, and that this has been accomplished by the limitation of his demand for judgment to that amount. See *Franklin* v. *United States,* 308 U. S. 516; *Otis Elevator*

*Co.* v. *United States,* 18 F. Supp. 87. The Government's consent to litigate such issues is hardly to be inferred from its consent to be sued upon a claim for damages for breach of contract. Cf. *National Surety Co.* v. *Washington Iron Works,* 243 F. 260.

*Reversed.*