**The MAYOR AND COUNCIL OF NEW CASTLE, a municipal corporation of the State of Delaware, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1670.**

United States District Court
D. Delaware.

Feb. 14, 1957.

George T. Coulson (of Morris, Steel, Nichols & Arsht), Wilmington, Del., for plaintiff.

Leonard G. Hagner, U. S. Atty., H. Newton White, Asst. U. S. Atty., Wilmington, Del., and David D. Hochstein, Dept. of Justice, Washington, D. C., for defendant.

CALEB M. WRIGHT, District Judge.

This action was instituted on behalf of the City of New Castle, Delaware, to recover $4,951.17, representing the amount of deductions and discounts allegedly and wrongfully withheld by the Public Housing Administration from payments in lieu of taxes made to the City of New Castle, Delaware, for the tax years 1953–1954 and 1954–1955 on certain lands and improvements owned by the United States. This proceeding is founded upon § 9 of the Lanham Act, 42 U.S.C.A. § 1546 and was instituted under a provision of the Tucker Act, 28 U.S.C. § 1346(a) (2).

The matter presently before the Court is disposition of defendant's motion to dismiss the Complaint. The reasons advanced in support of this dismissal motion are, the Complaint fails to state a cause of action upon which relief can be granted, and this Court lacks jurisdiction over the subject matter and the person of the defendant.

The asserted lack of jurisdiction over the person is predicated upon the sovereign immunity of the United States. The Court cannot agree with the position taken by the government. Counsel for both litigants are agreed that the effect of the Lanham Act, 42 U.S.C.A. § 1546 is to make mandatory the annual payments by the Administrator in lieu of taxes.

The Tucker Act, particularly 28 U.S.C. § 1346(a) (2) confers concurrent jurisdiction on the district courts of any civil action founded upon an Act of Congress not exceeding $10,000. The Tucker Act has long been regarded as performing the function of giving the consent of the government to be sued. Wherever an Act of Congress creates a right, without limitation in the manner or mode of relief, the Tucker Act serves to waive the immunity of the sovereign where the relief demanded is money damages not in excess of $10,000. See United States v. Sherwood, 312 U.S. 584, at pages 590–591, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Hvoslef, 1914, 237 U.S. 1, at page 10, 35 S.Ct. 459, 59 L.Ed. 813; cf. Feres v. United States, 1950, 340 U.S. 135, at page 140, 71 S.Ct. 153, 95 L.Ed. 152.

The basis for the claim of lack of jurisdiction of this Court over the subject matter of this action is that the determination of the amount of the mandatory payments is completely within the discretion of the Administrator and not subject to review by this Court. The Court cannot agree.

It is true, the statute affords the Administrator considerable latitude in his determination of the amount of payments to be made to municipalities in lieu of taxes. However, the statute does not vest absolute discretion in the Administrator. Thus, the payments are to approximate the amount of taxes which would be paid to the City if the property were not exempt from taxation. Deductions from such payments in the form of allowances for expenditure by the federal government are permitted if the Administrator deems them appropriate. However, such allowances are only permitted by statute for expenditures by the government for streets, utilities and other public services. Therefore, by the very words of the statute, the Administrator is limited in the exercise of his discretion, both in his determination of the gross amount of payment in lieu of taxes and the purposes for which allow-

ances for federal government expenditures are to be deducted from such gross payments. Further, while the Administrator is to determine the appropriateness of federal expenditures for purposes set forth in the statute, it is inconceivable his determination was to go unchallenged in every instance. The exercise of unbridled discretion in the Administrator relative to deductions might defeat the purpose of this statute which is to make Defense Housing Projects bear their full share of local taxes in common with other taxpayers.

The Court of Appeals does not regard the discretion vested in the Administrator by this section of the Lanham Act as being absolute so as not to be subject to remedy by the municipality. "The latter of course (Administrator) cannot be unreasonable in his use of the discretion given him by the Act and the Borough would have its affirmative remedies against any attempted arbitrary or capricious conduct on his part." Munhall Borough v. United States, 3 Cir., 1947, 159 F.2d 603, 605–606.

Having disposed of the jurisdictional objections, there remains only the question of whether the Complaint states a cause of action upon which relief may be granted.

█ When the legal sufficiency of a complaint is to be tested by a motion to dismiss, the well-pleaded material allegations of the complaint are taken as admitted. Allegations which might be material to plaintiff's case but which are not material allegations within the framework of the directive of Federal Rule of Civil Procedure 8(a) (2), 28 U.S. C., that a complaint should be "a short and plain statement of the claim showing that the pleader is entitled to relief" cannot be considered.

██ The nine page Complaint accompanied by ten Exhibits must be viewed as simply setting forth a claim for a money judgment to which plaintiff is entitled because defendant made an under-payment in lieu of taxes within the meaning of the Lanham Act. A complaint will not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. 2 Moore's Federal Practice, § 12.08. At this stage in the proceeding the Court, restricting itself to the well-pleaded material allegations in the Complaint, is unable to say the plaintiff cannot prevail under any circumstances.

The merits of the controversy as developed in the extraneous portions of the Complaint and the Exhibits attached thereto are not the proper subject of inquiry on disposition of this motion. If either or both counsel desire a ruling on the merits, a filing of a motion for summary judgment would be in order. However, before such a motion can be ruled upon there must be absent any material issue of fact. At the present, there is at least an apparent inconsistency, if not an issue of fact, existing in the single pleading before the Court. The last sentence of paragraph 4 of the Complaint when read in conjunction with the third paragraph of Exhibit 4 attached to the Complaint requires clarification. In brief, would New Castle have failed to supply street maintenance to a private individual similarly situated to the government during the tax year 1953–54, for any one or both of the following reasons: 1) the streets were not dedicated; 2) all property classified as suburban and farm land received no street maintenance.

An order in accordance herewith may be submitted.