NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD W. ZAPPLEY, SR.,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5046

---

Appeal from the United States Court of Federal Claims in No. 10-CV-0299, Judge Francis M. Allegra.

---

Decided:  June 25, 2013

---

DONALD W. ZAPPLEY, SR., of Gladstone, Michigan, pro se.

ROBERT C. BIGLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before PROST, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Appellant Donald W. Zappley seeks review of decisions of the Court of Federal Claims dismissing his claim for wrongful discharge as barred by the statute of limitations, granting judgment in favor of Defendant on the parties' cross-motions for judgment on the administrative record, and denying his request to supplement the administrative record. Because Mr. Zappley did not file his wrongful discharge suit within the limitations period, the Court of Federal Claims did not err by dismissing the wrongful discharge claim. Nor do we find that the decision in favor of Defendant on the parties' cross-motions for judgment on the administrative record to be arbitrary, capricious, contrary to law, or otherwise lacking substantial evidence. Finally, we affirm the Court of Federal Claims' decision to deny Mr. Zappley's request to supplement the administrative record. We therefore *affirm*.

## BACKGROUND

The present dispute stems from Mr. Zappley's service in the United States Navy (the "Navy"), which began on February 1, 1973. Prior to his enlistment, on January 4, 1973, Mr. Zappley was examined by Navy personnel and found to be in "very good health."

On July 5, 1973, Mr. Zappley was injured during an altercation with another sailor while aboard the U.S.S. Independence.[1] On July 9, 1973, following the altercation, Mr. Zappley was evaluated by the Flight Surgeon and Medical officer of the Independence who diagnosed him with "Inadequate Personality." The medical officer concluded that the inadequate personality diagnosis

---

[1] This altercation led to the other sailor serving a 30-day sentence in the ship's brig and being dishonorably discharged from the Navy.

rendered Mr. Zappley unsuitable for duty and recommended that he be discharged from the Navy. Mr. Zappley was notified that he was being considered for discharge on July 23, 1973, but declined to make any statement in response to the notice. On July 24, 1973, the Commanding Officer of the Independence recommended that Mr. Zappley be processed for discharge.

On August 16, 1973, Mr. Zappley received a discharge exam. During this exam, he did not display any injury, disease, disability, or defect with his left eye and his vision was tested to be 20/20 for both eyes. No record of any residual disabling effects due to the contusions to his nose and brow was reported. He was also found to be physically qualified for duty and, notwithstanding his inadequate personality diagnosis, was able "to perform all the duties of his rate both at sea and foreign shore." On August 20, 1973, Mr. Zappley was honorably discharged from the Navy.

Since his discharge, Mr. Zappley periodically requested service-connected disability benefits related to alleged injuries to his left eye. In response, he was examined in 1995, 2000, and 2001 by doctors at the Department of Veterans Affairs (the "VA") and found to have 20/20 eyesight or better in his left eye. The VA also noted that his medical records indicated that he suffered injuries in the 1973 altercation, but there was no evidence that those injuries would be chronic or have any residual disabling effects on Mr. Zappley. The report further acknowledged that Mr. Zappley sustained an intervening injury to his left eye in a car accident in 1987.

On January 8, 2003, Mr. Zappley petitioned the Board for Corrections of Naval Records (BCNR), requesting that his military record be changed to reflect that the 1973 altercation that led to his discharge was a "sneak attack" and not a "fight" and the basis for his discharge was physical disability rather than unsuitable personality. The BCNR made requests for additional information from Mr. Zappley and the VA, but no VA ratings decisions were

provided in response to those requests. On the record before it, the BCNR denied Mr. Zappley's petition to change his military record on June 30, 2005, concluding that there was insufficient evidence to establish a material error or injustice in his military record.

Mr. Zappley then sought reconsideration of the BCNR's determination, relying in part on a ten-percent, service-connected disability benefit granted by the VA on March 16, 2005. This VA decision was not provided to the BCNR before it denied Mr. Zappley's original request.

The VA's March 16, 2005, disability award arose from Mr. Zappley's argument that his 1987 motor vehicle accident aggravated the pre-existing injury to his left eye sustained during the July 5, 1973, altercation. In granting the benefit, the VA admitted it was "acknowledging service connection for the mild superior temporal field distortion in [Mr. Zappley's] left eye and assigning a disability evaluation of 10 percent for that condition effective March 14, 1995." Despite the VA's assignment of a ten-percent disability rating, the BCNR determined that Mr. Zappley had failed to submit any new evidence that warranted reconsideration.

On May 17, 2010, Mr. Zappley filed a complaint in the United States Court of Federal Claims ("Court of Federal Claims"). The complaint included a claim for wrongful termination and an appeal of the BCNR's denial of his request for corrective action.[2] The Court of Federal Claims dismissed the wrongful termination claim as time-barred by the statute of limitations and remanded the claim for corrective action to the BCNR for further consideration in light of the VA's ten-percent disability award.

---

[2] Mr. Zappley's complaint also included tort and criminal claims that are not at issue in this appeal.

Upon remand, the BCNR denied Mr. Zappley's request for reconsideration. The BCNR concluded that the submission of the VA's ten-percent disability determination was untimely because it was reasonably available to Mr. Zappley prior to the BCNR's initial June 30, 2005, decision. The BCNR also found that the VA's ten-percent disability rating was not probative of the existence of material error or injustice in Mr. Zappley's naval record because the VA explicitly granted the disability rating "without regard to the issue of your fitness for military duty on 20 August 1973."

On October 12, 2011, Mr. Zappley filed a motion to supplement the record which the Court of Federal Claims denied. Thereafter, the parties filed cross-motions for judgment on the administrative record and the Court of Federal Claims granted judgment in favor of Defendant. Mr. Zappley appeals.

DISCUSSION

A. WRONGFUL TERMINATION

The Court of Federal Claims is a court of specific jurisdiction and can only resolve claims for which the United States has waived sovereign immunity. *United States. v. Testan*, 424 U.S. 392, 399 (1976) ("the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'") (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Pursuant to the Tucker Act, the Government has waived sovereign immunity for certain claims seeking monetary relief in the Court of Federal Claims. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc).

The statute of limitations is a jurisdictional requirement of the government's waiver of sovereign immunity. *Maclean v. United States*, 454 F.3d 1334, 1336 (Fed. Cir. 2006). The waiver of sovereign immunity is embodied in 28 U.S.C. § 2501, which mandates that "[e]very claim of

which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." A claim under the Tucker Act accrues "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez*, 333 F.3d at 1303.

Here, Mr. Zappley was honorably discharged from the Navy on August 20, 1973. At that time, Mr. Zappley was informed that he was being discharged due to inadequate personality. He participated in a hearing regarding his discharge and was notified of his right to make a written statement concerning the inadequate personality diagnosis and discharge. Instead of contesting his discharge at that time, he declined to make a written statement. He thereafter signed his "Record of Discharge," which expressly indicated that he was being discharged for "unsuitability," without any apparent protest.

In addition to the information known by Mr. Zappley contemporaneous with his discharge, in 1977, he obtained a copy of his naval personnel records, including records addressing his discharge. He used those records in connection with a 1977 disability application to the VA. According to Mr. Zappley, this 1977 application "placed the [government] on notice" that he disputed certain statements in his Navy records and considered them "not to be relevant to inadequate personality and unsuitability." (Appellant's Informal Br. 3.)

It has long been settled law that in a military discharge case, a plaintiff's cause of action accrues at discharge. *Martinez*, 333 F.3d at 1303. Mr. Zappley did not contest his discharge until May 17, 2010, nearly four decades after it occurred. The record indicates that he knew in both 1973 and 1977 that the reason for his discharge was a medical determination of inadequate personality, but Mr. Zappley failed to challenge the medical determination within six years of discharge and we see nothing in the record that would justify disregarding the six-year limitations period in this case. Thus, on the

record before us, we determine that the Court of Federal Claims properly dismissed Mr. Zappley's claim of wrongful termination for lack of jurisdiction.

### B. JUDGMENT ON THE ADMINISTRATIVE RECORD

Mr. Zappley appeals the Court of Federal Claims' judgment on the administrative record that affirmed the BCNR's refusal to correct his military records to reflect a disability-based discharge. We review a decision of the Court of Federal Claims on a motion for judgment on the administrative record de novo. *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005). Accordingly, we apply the same standard as the Court of Federal Claims and will not disturb the decision of the BCNR unless it was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *Barnick v. United States*, 591 F.3d 1372, 1377 (Fed. Cir. 2010). Substantial evidence means that "there exists 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Nippon Steel Corp. v. U.S.*, 458 F.3d 1345, 1351 (Fed. Cir. 2006) (quoting *Universal Camera v. Nat'l Labor Relations Bd.*, 340 U.S. 474, 477-78 (1951)).

The BCNR based its decision on medical records and letters created at the time of Mr. Zappley's discharge. Those records support the fact that Mr. Zappley was discharged on the basis of unsuitability due to inadequate personality. The medical records indicate that Mr. Zappley received a discharge exam wherein he was deemed physically qualified for duty, and that he had no lasting injury or disability to his left eye. The BCNR further noted that Mr. Zappley displayed no disability or abnormality in his left eye when he was examined by the VA in 1995, 2000, and 2001. We therefore agree with the Court of Federal Claims that the BCNR's decision was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence.

We agree, moreover, that the BCNR did not err when it denied Mr. Zappley's motion for reconsideration, either

initially or on remand. The BCNR was correct that VA's March 16, 2005 ten-percent disability rating was not new and material evidence because it issued prior to the BCNR's July 12, 2005 decision and had not been presented to the Board before that July decision.

Finally, Mr. Zappley also challenges the denial of his motion to supplement the administrative record in the Court of Federal Claims. Here, our review of the Court of Federal Claims' denial to supplement the administrative record is reviewed for an abuse of discretion. *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1378 (Fed. Cir. 2009). Mr. Zappley filed his motion to supplement the administrative record on October 12, 2011. Despite that the vast majority, if not all, of the documents existed long before he attempted to add them to the administrative record, Mr. Zappley has given no explanation for his failure to timely present these documents to the BCNR so that they would have been part of the administrative record so that they could be reviewed by the BCNR in the first instance. Under these circumstances, the Court of Federal Claims did not abuse its discretion in refusing Mr. Zappley's untimely submission of these materials.

## CONCLUSION

In view of the foregoing, we affirm the Court of Federal Claims decision to dismiss Mr. Zappley's wrongful termination claim on the ground that it is barred under the statute of limitations and that the BCNR did not act arbitrarily, capriciously, or contrary to law, in refusing to correct his naval records. Accordingly, the decision of the Court of Federal Claims is

## AFFIRMED.

### COSTS

No Costs.