NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**GARLAND E. WILLIAMS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1712

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01632-EMR, Judge Eleni M. Roumel.

---

Decided: January 17, 2023

---

GARLAND EDWARD WILLIAMS, Slidell, LA, pro se.

SEAN KELLY GRIFFIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, DYK and PROST, *Circuit Judges*.

PER CURIAM.

Garland E. Williams appeals Court of Federal Claims orders denying his motion for sanctions and dismissing his complaint for lack of jurisdiction. We *affirm*.

## BACKGROUND

On July 28, 2021, Mr. Williams filed a complaint against the United States and five former Secretaries of the Treasury in the Court of Federal Claims ("Claims Court"). His complaint invoked Tucker Act jurisdiction and primarily alleged that the Treasury Department had improperly remitted at least a portion of his income tax refunds to the State of Kansas to cover past-due child support. On September 27, 2021, the government moved to dismiss for lack of subject matter jurisdiction.

On October 5, 2021, Mr. Williams filed a motion that the court construed as a motion for sanctions pursuant to Rule 11, alleging that government counsel was not authorized to practice before the Claims Court. On October 7, 2021, the Claims Court denied Mr. Williams' motion. Mr. Williams appealed the October 7, 2021 order. On January 25, 2022, we dismissed the appeal for lack of jurisdiction in the absence of a final judgment. *Williams v. United States*, 2022 WL 1133029, at *1 (Fed. Cir. Jan. 25, 2022), *cert. denied*, 142 S. Ct. 1684 (2022).

On March 21, 2022, the Claims Court held that it lacked subject matter jurisdiction and dismissed Mr. Williams' complaint. Mr. Williams appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal, Mr. Williams appears to be challenging the Claims Court's denial of his motion for sanctions and its grant of the government's motion to dismiss.

Mr. Williams' motion for sanctions primarily alleged that the government's attorney failed to comply with Rule

83.1 of the Rules of the United States Court of Federal Claims, which in relevant part governs attorney eligibility to practice before the Claims Court, attorney admissions, and procedures related to the attorney of record. In denying Mr. Williams' motion, the Claims Court explained that "[t]he Court has verified with the Clerk of Court that Defendant's counsel is a member of the Virginia State Bar and is admitted to practice before this Court," S.A. 18, and reviewed the government attorney's entry of appearance, finding no violations of Rule 83.1.[1] The Claims Court did not err in denying Mr. Williams' motion for sanctions.

Mr. Williams also contends that the Claims Court erred in dismissing his complaint. Mr. Williams' complaint primarily alleges that the Treasury Department unlawfully reduced Mr. Williams' federal tax refunds to offset past-due child support owed to a Kansas agency. The complaint alleges that "the [Kansas agency] . . . request[ed] the income withholding offsets of plaintiff's tax overpayments [for 2001, 2007, 2009–10, and 2013–18,]" S.A. 39–40, and the Treasury remitted Mr. Williams' tax refunds to the Kansas agency.

The Social Security Act allows a state to collect past-due support from federal tax refunds. *See* 42 U.S.C. § 664. Subsection 6402(c) of Title 26 of the United States Code requires the Secretary of the Treasury to reduce a person's tax refund by "the amount of any past-due support" and remit that amount to the state.

Subsection (g) of Section 6402 provides:

No court of the United States shall have jurisdiction to hear any action . . . brought to restrain or review a reduction authorized by subsection (c) . . . . No action brought against the United States to

---

[1] "S.A." refers to the Supplemental Appendix filed with the government's brief.

recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid . . . .

Subsection (g) prohibits the Claims Court, as a "court of the United States," *see id.* § 7430(c)(6), from hearing Mr. Williams' claim against the Department of the Treasury to recover the amount deducted. Subsection (g) only allows a taxpayer to bring action against the Federal agency or state claiming the debt. Here, Mr. Williams alleged that the entity claiming the debt was the state of Kansas, not the Department of the Treasury. Thus, Mr. Williams would need to bring action against the state of Kansas and the Claims Court lacks jurisdiction over state actors. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Claims Court]").

The Claims Court properly held that it lacked jurisdiction over this claim, and properly held that it lacked jurisdiction over Mr. Williams' other claims for the reasons stated by the Claims Court.

We have considered Mr. Williams' remaining arguments and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.