NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RACHEL CONSTANT BEAUVAIS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1353

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01984-DAT, Judge David A. Tapp.

---

Decided:  June 6, 2024

---

RACHEL CONSTANT BEAUVAIS, Centreville, VA, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

---

Before DYK, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

Rachel Constant Beauvais appeals pro se from a decision of the Court of Federal Claims ("Claims Court"), finding lack of subject matter jurisdiction and transferring her case to the United States District Court for the Eastern District of Virginia. Because we agree that the Claims Court lacks jurisdiction and see no error in the decision to transfer the case, we *affirm*.

## BACKGROUND

Ms. Beauvais filed a complaint in the Claims Court, alleging that her previous employers, "'two companies under the umbrella of Laboratory Corporation of America Holdings' and 'Quest Diagnostics,'" "psychologically manipulated" her. *Beauvais v. United States*, No. 23-1984, 2023 WL 8708420, at *1 (Fed. Cl. Dec. 15, 2023) (quoting Compl. at 4.). She also alleged that her employers created a hostile work environment and that "her employers did not respond to her request to change her duties 'even after they received [her] paperwork from [her] mental health facility.'" *Id.* (alterations in original). Thus, Ms. Beauvais seemingly alleged that her employers violated Title VII and the Americans with Disabilities Act ("ADA").

The Claims Court found that the complaint "only seeks relief for harms allegedly perpetrated by her past private employers." *Id.* at *2. The Claims Court explained that the "Court's jurisdiction is limited by the Tucker Act to rendition of money damages only in suits against the United States" and found that it lacked subject matter jurisdiction over Ms. Beauvais's complaint. *Id.* (internal quotations and citations omitted). The Claims Court also noted that it lacked jurisdiction "to provide the specific type of [injunctive] relief Beauvais seeks," explaining that it "cannot entertain claims for injunctive relief or order specific performance, except in narrowly defined circumstances," none of which were satisfied here. *Id.* (citing *Kanemoto v. Reno*, 41 F.3d 641, 644–45 (Fed. Cir. 1994)).

After finding it lacked subject matter jurisdiction, the Claims Court considered whether Ms. Beauvais's claims should be transferred to a court that had jurisdiction. The Claims Court found that the three requirements of 28 U.S.C. § 1631 for transfer had been met. The case was transferred to the United States District Court of the Eastern District of Virginia.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a decision by the Claims Court to transfer a case to another court for an abuse of discretion. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008).

The Claims Court properly found that it lacked subject matter jurisdiction over Ms. Beauvais's complaint. The Claims Court is a court of limited jurisdiction. Under the Tucker Act, the Claims Court only has jurisdiction to hear "claim[s] against the United States." 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Although her complaint lists the United States as the defendant, Ms. Beauvais only makes allegations about her two prior employers. S. Appx. 4–5.[1] As the Claims Court found, she "only seeks relief for harms allegedly perpetrated by her past private employers." *Beauvais*, 2023 WL 8708420, at *2. "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588. "[O]r if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed." *Id.* Here, the

---

[1]    S. Appx. refers to the Supplemental Appendix attached to Appellee's Informal Response Brief, ECF No. 7.

suit as to these two private companies is plainly beyond the jurisdiction of the Claims Court.

On appeal, Ms. Beauvais raises several new arguments as to why the Claims Court had jurisdiction. Because Ms. Beauvais "did not raise t[hese] argument[s] before the [Claims Court], [they are] waived on appeal." *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1355 (Fed. Cir. 2011). But even if Ms. Beauvais had raised these arguments below, the Claims Court would still lack subject matter jurisdiction over her case.

Ms. Beauvais asserts in her opening brief to this court that, "[a]lthough the companies are private businesses," the companies have violated the 13th Amendment and other statutes. Appellant's Informal Opening Br. 4. These new allegations do not bring this case within the jurisdiction of the Claims Court. The relevant fact for subject matter jurisdiction is that the complaint is against "private businesses," not the United States.

Additionally, Ms. Beauvais asserts that the two companies named in her complaint, LabCorp and Quest Diagnostics, are "contractors of the federal government." Appellant's Informal Opening Br. 4. But this allegation, even taken as true, would not bring this case within the Claims Court's jurisdiction. A claim against a federal contractor is still not a claim against the United States and the Claims Court's jurisdiction is "narrowly restricted to the adjudication of suits brought against the Government alone." *Sherwood*, 312 U.S. at 589 (discussing the Tucker Act jurisdiction of the United States Court of Claims, a predecessor court to the Claims Court).

We also agree that the Claims Court properly transferred this case to the United States District Court of the Eastern District of Virginia. The test whether to transfer the case provides that when a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such

court . . . in which the action or appeal could have been brought at the time it was filed or noticed."  28 U.S.C § 1631; *see Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1374 (Fed. Cir. 2007).  In this action, the Claims Court analyzed these conditions and found "that it lack[ed] subject-matter jurisdiction," that the "Eastern District of Virginia would be the appropriate forum to file the action," and that "Beauvais's claims do not, on the record as it currently exists, appear frivolous," so it would be "in the interest of justice to allow Beauvais to pursue her claims in the district court." *Beauvais*, 2023 WL 8708420, at *3.  We see no error in the Claims Court's decision.

## AFFIRMED

### COSTS

No costs.