NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BEVERLY JEAN DOLLEN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1771

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-02089-ZNS, Judge Zachary N. Somers.

---

Decided:  November 7, 2024

---

BEVERLY JEAN DOLLEN, Sandyville, WV, pro se.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before DYK, CLEVENGER, and HUGHES, *Circuit Judges*.

PER CURIAM.

Beverly Jean Dollen brought suit in the United States Court of Federal Claims ("Claims Court"), alleging that she was unlawfully deprived of custody of her children by state officials. Proceeding pro se, she appeals from a decision of the Claims Court dismissing her complaint for failure to prosecute and for lack of subject matter jurisdiction. Because the Claims Court did not err in dismissing her complaint, we *affirm*.

## BACKGROUND

Ms. Dollen filed suit in the Claims Court on December 6, 2023, claiming violations of approximately thirty criminal provisions, a "Constitutional right to be left alone from CPS, Child Protective Services, under the Fourth Amendment of the US Constitution," and a demand for the immediate return of her children. S.A. 3–4.[1] Two months later, the government moved to dismiss for lack of subject matter jurisdiction. S.A. 1. Ms. Dollen never filed a response to the government's motion. *Id.* The Claims Court dismissed her case for failure to prosecute, finding that Rule 41 of the Rules of the United States Court of Federal Claims ("RCFC") provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion[.]" RCFC 41(b).

The Claims Court alternatively found that "any response [p]laintiff could have filed with the [c]ourt would not have changed the outcome of this case." S.A. 2. The court concluded that Ms. Dollen's claim fell "well outside this [c]ourt's jurisdiction" as it was not against the United

---

[1]    We refer to the supplemental appendix filed with the government's informal response brief as "S.A." throughout this opinion.

States.  *Id.*  The Claims Court also dismissed the case for lack of subject matter jurisdiction.

This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal for lack of subject matter jurisdiction de novo.  *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018).  Although pro se litigants are not held to the same pleading standard as represented plaintiffs, a pro se litigant is nonetheless obligated to establish that the court has subject matter jurisdiction.  *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

The Claims Court properly concluded that Ms. Dollen's complaint is not within the jurisdiction of the Claims Court.  Ms. Dollen's complaint was directed to "state and local Child Protective Services officers, who she believes unlawfully took her children."  S.A. 2.  Specifically, Ms. Dollen's complaint is directed to a state judge, a CPS agent, and a guardian ad litem.  These are not federal officials. The Claims Court is a court of limited jurisdiction and, under the Tucker Act, the Claims Court only has jurisdiction to hear "claim[s] against the United States[.]" 28 U.S.C. § 1491(a)(1); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The] jurisdiction [of the Court of Claims] is confined to the rendition of money damages in suits brought for . . . relief against the United States, and if the relief sought is against others then the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (internal citations omitted)).  A suit against state and local officials challenging their conduct is not a suit against the United States and thus is outside of the Claims Court's jurisdiction.

DOLLEN v. US

Because we conclude that the dismissal for lack of subject matter jurisdiction was proper, we need not address the alternative dismissal for failure to prosecute.

We have considered Ms. Dollen's remaining arguments and find them unpersuasive.

**AFFIRMED**

COSTS

No costs.