NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN D'AGOSTINO,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1319

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01042-RAH, Judge Richard A. Hertling.

---

Decided:  November 13, 2024

---

STEVEN D'AGOSTINO, Barnegat, NJ, pro se.

CONRAD JOSEPH DEWITTE, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by SCOTT DAVID BOLDEN, BRIAN M. BOYNTON.

---

Before MOORE, *Chief Judge*, SCHALL and TARANTO, *Circuit Judges*.

PER CURIAM.

## DECISION

Steven D'Agostino appeals the final judgment of the United States Court of Federal Claims that dismissed his complaint for lack of jurisdiction. *D'Agostino v. United States*, No. 1:23-cv-01042, 2023 WL 8271800 (Fed. Cl. Nov. 30, 2023); Appx. 3–8, 9.[1]  For the reasons stated below, we *affirm*.

## DISCUSSION

### I

On July 3, 2023, Mr. D'Agostino filed a pro se complaint in the Court of Federal Claims.  Appx. 3, 10–20.  In it, he asserted causes of action against the United States, Discover Bank, the New Jersey Motor Vehicle Commission ("NJ MVC"), and Latrecia Littles-Floyd, the Director of the NJ MVC.  *Id.* at 10–11.  Mr. D'Agostino asserted jurisdiction under the Tucker Act.

In his complaint, Mr. D'Agostino alleged that the United States Postal Service ("Postal Service") failed to deliver his mail on multiple occasions, in breach of his "ongoing contractual relationship" with the Postal Service and that, as a result, he suffered "consequential damages." Appx. 10 ¶ 3; *id.* at 20 ¶ 61.  The most significant of these damages, Mr. D'Agostino asserted, exceeded $1M and was in connection with an application he had mailed to the United States Copyright Office ("Copyright Office").  Appx. 10 ¶ 3.  Mr. D'Agostino claimed that he mailed the Copyright application and that, after receiving no response, he submitted it again online.  Appx. 17 ¶ 40.  According to Mr. D'Agostino, he attempted to register his work, proprietary software, but the Copyright Office "accepted [his] $65

---

[1]    Citations to "Appx." are to the appendix attached to Appellant's brief.

payment (which accompanied [his] copyright application), but then failed to perform their end of the bargain" and did not register his work. Appx. 20 ¶ 62. Mr. D'Agostino asserted that Discover Bank was liable to him because it had failed to properly handle his copyright transaction and had not returned to him the sixty-five dollars he had paid to the Copyright Office. Appx. 18 ¶¶ 45–48. Finally, Mr. D'Agostino alleged that the NJ MVC's policy of mailing driver's licenses was negligent and that Ms. Littles-Floyd was jointly liable with the NJ MVC. Appx. 20 ¶¶ 67–68.

On July 7, 2023, in a Memorandum Opinion and Order, the Court of Federal Claims sua sponte dismissed for lack of jurisdiction under RCFC 12(b)(1) Mr. D'Agostino's claims against Discover Bank, NJ MVC, and Ms. Littles-Floyd. The court explained that it did not have jurisdiction "over any defendants other than the United States." Appx. 2. The court noted that Mr. D'Agostino's claims against the United States remained pending. *Id.*

On August 31, 2023, the government filed a motion to dismiss the remaining claims in Mr. D'Agostino's complaint for lack of jurisdiction pursuant to RCFC 12(b)(1). Appx. 37. In its motion, the government argued that Mr. D'Agostino's claim against the Postal Service based upon alleged undelivered mail sounded in tort and could not be asserted as a contract claim under the Tucker Act. In addition, the government contended that, even if Mr. D'Agostino had properly alleged breach of contract by the Postal Service, he had failed to identify a money-mandating source of substantive rights to support his claim in the Court of Federal Claims. Appx. 40–41. With respect to Mr. D'Agostino's claim against the Copyright Office, the government construed Mr. D'Agostino's complaint as a request for reconsideration of the Copyright Office's refusal to register his work. The Court of Federal Claims was the wrong forum for such a request, the government asserted, as that court lacks jurisdiction to consider a review action under the Administrative Procedure Act, 5 U.S.C. §§ 701–06, and

only has jurisdiction over copyright claims asserting infringement by the government under 28 U.S.C. § 1498. Appx. 42–43. The Court of Federal Claims agreed with the government and on November 30, 2023, issued a Memorandum Opinion and Order dismissing Mr. D'Agostino's complaint. Appx. 7. Entry of judgment followed. Appx. 9. As noted, Mr. D'Agostino has appealed the dismissal of his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

The Court of Federal Claims derives its jurisdiction (which is the power to hear a case) from the Tucker Act. The Tucker Act provides as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). None of the claims asserted by Mr. D'Agostino are within the jurisdiction of the Court of Federal Claims under the Tucker Act.

We begin with Mr. D'Agostino's claims against the United States arising from the actions of the Postal Service. The plain language of the Tucker Act excludes claims sounding in tort from the jurisdiction of the Court of Federal Claims. The law is clear that Mr. D'Agostino's claims with respect to the non-delivery of mail "is one arising upon a tort and not upon a contract." *Threatt v. United States*, 77 Ct. Cl. 645, 646 (1933). His claim based upon the actions of the Postal Service plainly are beyond the jurisdiction of the Court of Federal Claims.

We turn next to Mr. D'Agostino's claims with respect to the actions of the Copyright Office.  The court did not err in rejecting Mr. D'Agostino's claims that because he submitted payment to the Copyright Office, an implied-in-fact contract was created between the Office and him for registering a copyright in his software.  Appx. 6.  It is true that implied contracts are within the jurisdiction of the Tucker Act.  *See* 28 U.S.C. § 1491(a)(1).  However, Mr. D'Agostino has identified no provision under the Copyright Act, or any other law, that could be said to create a contract or an agreement to register a work, or adjudicate any application within 90 days.  As the government points out, the Copyright Act only creates an opportunity for a copyright owner to seek to register his or her work(s), and the Act requires the Copyright Office to examine that application.  *See* 17 U.S.C. §§ 408, 410.  The Court of Federal Claims correctly held that, "[i]n the absence of a plausible allegation of the existence of a contract between the plaintiff and the Copyright Office or a claim based on a money-mandating source of law governing the plaintiff's claim against the Copyright Office," it lacked jurisdiction to consider Mr. D'Agostino's claims arising from the actions of the Copyright Office.  Appx. 7.

Last, we consider Mr. D'Agostino's claims against Discover Bank, the NJ MVC, and Ms. Littles-Floyd, which the Court of Federal Claims dismissed for lack of jurisdiction because none of these parties is the United States.  Mr. D'Agostino does not dispute that Discover Bank and the NJ MVC are non-federal government entities and that Ms. Littles-Floyd is the alleged director of a non-federal government entity.  Mr. D'Agostino urges nonetheless that, "in the interest of judicial economy," we should allow his suit against the non-federal defendants to proceed.  Appellant's Br. 4.  This argument fails because the Tucker Act expressly limits the Court of Federal Claims' jurisdiction to suits against the United States.  28 U.S.C. § 1491; *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief

sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Moreover, having concluded that the Court of Federal Claims lacks jurisdiction over Mr. D'Agostino's claims against the United States, his judicial economy argument fails because there is no efficiency to be gained by requiring the Court of Federal Claims to hear his arguments against the non-federal entities.

## CONCLUSION

For the foregoing reasons, the final judgment of the Court of Federal Claims dismissing Mr. D'Agostino's complaint is affirmed.

## **AFFIRMED**

### COSTS

No costs.