In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2821

GEORGE DERNIS and MARIA DERNIS,

*Plaintiffs-Appellants*,

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:21-cv-03157 — **Marvin E. Aspen**, *Judge*.

ARGUED JANUARY 28, 2025 — DECIDED MAY 1, 2025

Before HAMILTON, KIRSCH, and MALDONADO, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Plaintiffs-appellants George and Maria Dernis sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671–2680, alleging that the Federal Deposit Insurance Corporation ("FDIC") committed various common-law torts. The United States moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the

government's motion, and the Dernises have appealed. We affirm. The Dernises failed to timely exhaust their administrative remedies for most of their claims, and their only timely claim is barred under the FTCA's intentional torts exception.

I.   *Factual and Procedural Background*

The Dernises borrowed money from Premier Bank, a bank that was engaging in fraudulent lending practices. The loans were for a business the Dernises owned, and they were secured by mortgages on their personal real estate. After Premier Bank's collapse and appointment of the FDIC as receiver, the FDIC sold some of the bank's loans to Amos Financial in 2014. According to the Dernises, the deal with Amos included their loans, which they have consistently maintained were fraudulent and unenforceable. They argue that the FDIC was aware of the fraudulent nature of the loans at the time of the sale and failed to take remedial action.

The Dernises originally filed this action against the FDIC in both its corporate capacity and as receiver for Premier Bank. The FDIC moved to dismiss, and the district court granted the motion but invited an amended complaint. The Dernises then filed an amended complaint asserting tort claims against the United States under the FTCA based on the FDIC's conduct. The United States moved to dismiss, and the district court granted the motion, this time without leave to amend. The court determined that most of the Dernises' claims were not timely exhausted under 28 U.S.C. § 2401(b). As for the sole claim that was timely exhausted, the court concluded it was barred by 28 U.S.C. § 2680(h), which excludes certain intentional torts from the FTCA's limited waiver of sovereign immunity. The court dismissed the action

with prejudice and entered final judgment. We have jurisdiction under 28 U.S.C. § 1291.

II.  *Standard of Review*

We review de novo the district court's dismissal for lack of subject-matter jurisdiction and for failure to state a claim, accepting as true the Dernises' well-pleaded factual allegations. E.g., *International Bhd. of Teamsters v. Republic Airways Inc.*, 127 F.4th 688, 693 (7th Cir. 2025) (subject-matter jurisdiction); *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021) (failure to state a claim).

III.  *Analysis*

The district court properly dismissed the Dernises' claims. For more than a decade, the Dernises have unsuccessfully pursued a host of claims arising from their dealings with Premier Bank and the FDIC. In this latest action, they seek to repackage their claims as torts under the FTCA. Under the FTCA, a tort claim against the United States must be presented to the appropriate federal agency within two years of the claim's accrual or it is "forever barred." 28 U.S.C. § 2401(b). The parties agree that the Dernises submitted the operative administrative claim to the FDIC on January 5, 2021. Accordingly, for the Dernises' claims to have complied with the administrative exhaustion requirement, they must have accrued on or after January 5, 2019.

All but one of the Dernises' claims concern events that occurred a decade or more ago and, as a result, were untimely. See *Khan v. United States*, 808 F.3d 1169, 1171–73 (7th Cir. 2015) (affirming dismissal of FTCA lawsuit as untimely where plaintiff failed to present administrative claim to the appropriate federal agency within two years of its accrual). The sole

claim that was timely presented centers on the FDIC's alleged refusal to exercise its reversionary interest in several properties in 2020. That claim is barred by the FTCA's intentional torts exception. It is well-settled that the "United States, as sovereign, is immune from suit save as it consents to be sued, … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). The FTCA waives sovereign immunity for certain tort claims, subject to several exceptions. Pertinent here is the intentional torts exception, which bars claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

The Dernises attempt to evade the FTCA's limited waiver of sovereign immunity by phrasing their claims as conversion, invasion of privacy and intrusion upon seclusion, intentional infliction of emotional distress, negligence and negligent infliction of emotional distress, and conspiracy. None of those theories falls expressly under 28 U.S.C. § 2680(h). We have consistently rejected such efforts to avoid § 2680(h) by relabeling claims that are in substance claims for fraud or misrepresentation. See, e.g., *Schneider v. United States*, 936 F.2d 956, 959–63 (7th Cir. 1991) (holding that the nature of the conduct alleged to have caused the plaintiff's injury, rather than the plaintiff's characterization of the claim, determined whether the claim fell within the FTCA's misrepresentation exception under § 2680(h)). Our analysis looks beyond a plaintiff's formal characterization of claims to their actual substance. See *United States v. Neustadt*, 366 U.S. 696, 701–03 (1961) (holding that § 2680(h) barred claim

because conduct underlying negligence action was in essence negligent misrepresentation).

Here, the district court correctly concluded that the substance of the Dernises' timely claims falls within categories of intentional torts for which the FTCA expressly preserves sovereign immunity: particularly misrepresentation, deceit, and interference with contract rights. On appeal, the Dernises do not—and indeed could not—contest this finding. Instead, they launch a Hail Mary pass, arguing that even if their claims are barred by the FTCA's intentional tort exception, the FDIC's "sue-and-be-sued" clause should be understood as providing a broader, independent waiver of sovereign immunity. That theory fails for two reasons. First, and most obvious, the United States (and not the FDIC) is the sole defendant in this case. Because the FTCA provides the exclusive remedy for tort claims against the United States, the FDIC's enabling statute is irrelevant in such cases. See 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by [the FTCA] in such cases shall be exclusive."); see also *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) ("Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States.").

Second, the Dernises misinterpret the scope of § 2680(h). Even if the FDIC were still a defendant, § 2680(h) bars the covered claims outright. Our precedent establishes that § 2680(h) does not allow them under other statutes, including the FDIC's sue-and-be-sued clause. See *FDIC v. Citizens Bank*

*& Tr. Co.*, 592 F.2d 364, 371 (7th Cir. 1979) ("[T]he waiver of immunity from tort liability of a federal agency or governmental corporation such as FDIC is defined in the Federal Tort Claims Act, and that sue-and-be-sued authority does not permit suit outside that Act for torts excepted from the coverage of that Act.").

AFFIRMED