# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Jazmin Norris,              )
                                    )
        Plaintiff,         )
                                    )
v.                                )      No.: K25C-09-002 NEP
                                    )
The United States of America    )
                                    )
        Defendant.       )

Submitted:  September 2, 2025
Decided:  October 8, 2025

## ORDER

***Upon Plaintiff's Application to Proceed in Forma Pauperis***
**GRANTED**

***Upon Court's Consideration of Complaint***
**DISMISSED**

Upon consideration of Plaintiff's complaint and motion to proceed *in forma pauperis*, the Court finds as follows:

1.      Under 10 Del. C. § 8803(b), the Court must dismiss an action filed *in forma pauperis* if "the action is factually frivolous, malicious or legally frivolous."[1] "Dismissal of an indigent plaintiff's complaint as legally frivolous is warranted in those cases in which either it is readily apparent that the plaintiff's complaint lacks

---

[1] 10 *Del. C.* § 8803(b).

an arguable basis in law or that the defendants are clearly entitled to immunity from suit."[2]

2.    *Pro se* Plaintiff Jazmin Norris's Complaint, filed on September 2, 2025, names the United States of America as the Defendant and seeks damages of at least $2,000,000 for an unclear purpose.[3] The allegations contained in the Complaint, which are difficult to ascertain, do not state any viable claim in law. Rather, the Complaint consists primarily of broad statements regarding Plaintiff's personal hardships and generalized grievances about "the atmosphere we currently exists [sic] in . . . ."[4] For example, Plaintiff asserts that she has "been overwhelmed with stress" and that "[Plaintiff's] character has been trained for a high tolerance of stress making it easier to find a sweet spot of comfort within stressful situations . . . ."[5] These statements fail to articulate a recognized legal duty owed by the United States to the Plaintiff, nor do they set forth facts that, if true, would establish a cause of action.

3.    The Complaint further alleges that "the United States of America is severely understaffed to properly execute their [sic] responsibilities fully which has included the understanding of our atmosphere and making it more suitably habitable

---

[2] *Fitzgerald v. Fed. Bureau of Investigation*, 339 A.3d 752, 2025 WL 655082, at *1 (Del. 2025) (TABLE).
[3] Plaintiff, in her complaint, requests $2,000,000 "as an investment . . . to reinvest it [sic] back into the country . . . supporting people who are in need and helping to develop valuable assets . . . ." Compl. at 3.
[4] *Id.* at 1.
[5] *Id.*

for citizen's [sic]."[6] Such allegations are too vague and conclusory to support any cognizable legal theory under Delaware or federal law.

4. Even if Plaintiff's Complaint alleged a cognizable claim, this Court would lack subject-matter jurisdiction because Plaintiff has named the United States as the defendant. The United States is immune from suit absent an express statutory waiver of sovereign immunity.[7] Congress has not authorized state courts to exercise jurisdiction over claims against the United States; rather, federal courts possess exclusive jurisdiction where immunity has been waived.[8] Accordingly, this action is jurisdictionally defective regardless of the merits of the allegations.

5. Because the Complaint fails to state a cognizable legal claim, it is legally frivolous within the meaning of 10 Del. C. § 8803(b).

WHEREFORE, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**, and the Complaint is **DISMISSED.**

---

[6] *Id.*

[7] *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

[8] *See, e.g., Munns v. Kerry*, 782 F.3d 402, 413–14 (9th Cir. 2015) (explaining that, absent an independent waiver of sovereign immunity, due process and takings claims against the federal government in excess of $10,000 fall under the exclusive jurisdiction of the United States Court of Federal Claims under the Tucker Act); *Ferrer v. United States*, 2024 WL 3974747, at *3 (N.D. Tex. Aug. 28, 2024) (explaining that the Federal Tort Claims Act is the sole waiver of the federal government's sovereign immunity for tort claims and that federal courts have exclusive jurisdiction over such claims).

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress & U.S. Mail*
oc:    Prothonotary
       Jazmin Norris – *Via U.S. Mail*