NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC MALONE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1899

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01910-EDK, Chief Judge Elaine Kaplan.

---

Decided: September 10, 2024

---

ERIC MALONE, Palm Desert, CA, pro se.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before MOORE, *Chief Judge*, LINN and PROST, *Circuit Judges*.

PER CURIAM.

Eric Malone appeals a judgment of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. For the reasons discussed below, we *affirm*.

BACKGROUND

On February 9, 2022, Mr. Malone filed a complaint in the United States District Court for the Central District of California against Toyota Motor Sales (Toyota) seeking enforcement of an alleged arbitration award. The district court dismissed the complaint without prejudice due to lack of subject matter jurisdiction. *Malone v. Toyota Motor Sales*, No. CV220929FMOPVCX, 2022 WL 20834631 (C.D. Cal. Dec. 19, 2022). The United States Court of Appeals for the Ninth Circuit affirmed. *Malone v. Sales*, No. 22-56201, 2023 WL 6889889 (9th Cir. Oct. 19, 2023). Mr. Malone appealed the district court and the Ninth Circuit's decisions to us, and we dismissed for lack of jurisdiction. *Malone v. Toyota Motor Sales*, No. 2024-1340, 2024 WL 1403641 (Fed. Cir. Apr. 2, 2024).

On December 27, 2022, Mr. Malone filed a complaint in the Court of Federal Claims naming the United States as the defendant and sought enforcement of the alleged arbitration award against Toyota. The government filed a motion to dismiss, which the Court of Federal Claims granted. The Court of Federal Claims concluded Mr. Malone did not raise a claim within its jurisdiction. Appx. 5–7.[1]

Mr. Malone timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1]    "Appx." refers to the appendix filed by Mr. Malone, ECF No. 32.

## DISCUSSION

The Tucker Act grants the Court of Federal Claims jurisdiction over actions "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The jurisdiction of the Court of Federal Claims under the Tucker Act is "limited to actual, presently due money damages from the United States." *United States v. Testan*, 424 U.S. 392, 398 (1976). We review the dismissal of a complaint for lack of subject matter jurisdiction de novo. *Res. Conservation Grp., LLC v. United States*, 597 F.3d 1238, 1242 (Fed. Cir. 2010).

The Court of Federal Claims properly concluded that it did not have jurisdiction over Mr. Malone's claim, which is a request for enforcement of an alleged arbitration agreement against Toyota, not a claim for money damages against the United States under the Tucker Act. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claims'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (internal citations omitted)).

Mr. Malone also argues he has not been adequately represented by the United States in a case pending in the Ninth Circuit. Appellant's Informal Br. at 2. The Court of Federal Claims has no jurisdiction over such a claim. Moreover, the United States has never represented Mr. Malone, who is a *pro se* plaintiff-appellant in this appeal and in the Ninth Circuit case.

MALONE v. US

CONCLUSION

We have considered Mr. Malone's remaining arguments and find them without merit. For the reasons discussed above, the Court of Federal Claims properly dismissed this case for lack of jurisdiction. Accordingly, we *affirm*.

**AFFIRMED**

COSTS

No costs.