NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JACK CUCCIA,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1416

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01049-MBH, Senior Judge Marian Blank Horn.

---

Decided: December 8, 2025

---

JACK CUCCIA, Jackson, LA, pro se.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, CHEN and STARK, *Circuit Judges*.

PER CURIAM.

Jack Cuccia appeals a Court of Federal Claims decision dismissing his complaint for lack of subject-matter jurisdiction. We *affirm*.

## BACKGROUND

Mr. Cuccia is an inmate at a Louisiana state correctional institute who invested $15,480 in an individual retirement account (IRA) with the help of an Edwards Jones financial advisor. *See* Appellant's Br. 8; Appellee's Br. 1; S. Appx. 9.[1] On June 13, 2024, Edward Jones notified Mr. Cuccia that his IRA funds had been escheated to Louisiana's Unclaimed Property Division. S. Appx. 10; S. Appx. 15. Seeking to recover those funds, he filed a complaint in the Court of Federal Claims alleging Edward Jones unlawfully allowed his account to be escheated and failed to provide adequate disclosure of account activity. S. Appx. 7; S. Appx. 10. His complaint requests a declaratory judgment that Edward Jones' actions were unlawful and fraudulent, and that Mr. Cuccia remains the legal owner of the escheated account. S. Appx. 7; S. Appx. 10. Although his complaint references various financial statutes, it mentions neither the Tucker Act nor a money-mandating source—both prerequisites to invoke the Court of Federal Claims' jurisdiction. S. Appx. 6–7; 28 U.S.C. § 1491 (demarcating the Court of Federal Claims' limited jurisdiction). The Court of Federal Claims dismissed his complaint for lack of subject-matter jurisdiction because he did not assert any claims against the United States or its

---

[1] "S. Appx." refers to the supplemental appendix attached to Appellee's brief.

employees.  S. Appx. 4.  Mr. Cuccia appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo a decision by the Court of Federal Claims to dismiss for lack of jurisdiction.  *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010).  The plaintiff bears the burden to establish subject-matter jurisdiction by a preponderance of the evidence.  *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016).  The Tucker Act limits the Court of Federal Claims' jurisdiction to "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491.

On appeal, Mr. Cuccia argues the Court of Federal Claims legally erred in dismissing his complaint because Edward Jones is a federal agency that violated the Truth in Lending Act by breaching its contract with Mr. Cuccia and escheating his retirement funds without notice or permission.  Appellant's Br. 1.  We do not agree.  Mr. Cuccia offers no evidence that Edward Jones, a private financial services firm, is an agency or acted on behalf of the United States.  *See* Appellant's Br. 1–2; S. Appx. 6–7.  Nor does he allege any unlawful government conduct or request any relief involving the government.  *See* Appellant's Br. 1–2.  We see no error in the court's conclusion that it lacked subject-matter jurisdiction.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought [in the Court of Claims] is against [a party] other than the United States, the suit as to [the party] must be ignored as beyond the jurisdiction of the court.").

CONCLUSION

We have considered Mr. Cuccia's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**

COSTS

No costs.